IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
*Norfolk Division*

**ELEXANDER ADKINSON,**

    *Plaintiff*,

v.    Civil Action No. 2:26-cv-71-RBS-LRL

**CSX TRANSPORTATION, INC.,**

**NORFOLK AND PORTSMOUTH BELT LINE RAILROAD CO.,**
**and**

**NORFOLK SOUTHERN RAILWAY CORP.,**

    *Defendants*.

**DEFENDANT NORFOLK AND PORTSMOUTH BELT LINE RAILROAD CO.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
PLAINTIFF ELEXANDER ADKINSON'S COMPLAINT**

Defendant Norfolk and Portsmouth Belt Line Railroad Co. ("Belt Line"), by counsel, submits this Memorandum in Support of its Motion to Dismiss. The Belt Line moves to dismiss under Federal Rules of Civil Procedure 12(b)(1), 12(b)(6), and 12(h)(3), and states as follows:

**INTRODUCTION**

This motion turns on threshold pleading deficiencies rooted in the statutes Plaintiff invokes and the jurisdictional basis for keeping this case in federal court. Plaintiff has not alleged the statutory prerequisites necessary to pursue a retaliation claim under the FRSA in district court. He has not alleged that he filed, or intended to file, a claim "under" Title 65.2 as Virginia Code § 65.2-308 requires. And the Complaint alleges a railroad employment relationship that Title 65.2 excludes. Finally, Plaintiff has not pleaded diversity jurisdiction as an alternative basis for federal subject-matter jurisdiction.

According to the Complaint, Plaintiff worked for the Belt Line, a terminal switching railroad in Virginia "owned and operated" by CSX Transportation, Inc. ("CSX") and Norfolk Southern Railway Corporation ("Norfolk Southern"). Compl. ¶¶ 4–7. Plaintiff further alleges that, on February 9, 2024, his attorney filed a "workers' compensation claim" and that, "[u]pon receipt of the claim," Defendants terminated his employment on the ground that he had failed to report an injury promptly. Compl. ¶¶ 13–14. From those allegations, Plaintiff asserts one retaliation claim under the FRSA and another under Virginia Code § 65.2-308.

Both causes of action depend on statutory predicates the Complaint does not allege. The FRSA does not authorize an employee to proceed directly to federal district court in the first instance. Rather, Congress required administrative commencement through the Secretary of Labor's process and permitted a civil action only upon satisfaction of specified conditions. *See* 49 U.S.C. § 20109(d)(2)–(3); 29 C.F.R. § 1982.103(d); *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 628 n.1, 630 (4th Cir. 2015). Yet the Complaint does not allege that Plaintiff filed an administrative complaint with OSHA, when any such complaint was filed, or that the statutory conditions for a district-court action were met.

The Virginia claim fares no better. Section 65.2-308 protects an employee who has filed, or intends to file, a claim "under this title." Va. Code § 65.2-308(A). Plaintiff alleges only that his counsel filed a generic "workers' compensation claim," not that he filed a claim under Title 65.2. And the railroad employment relationship described in the Complaint is one that Title 65.2 expressly excludes. *See* Va. Code § 65.2-101(2)(i). For those reasons, the Complaint fails to state either cause of action.

## **LEGAL STANDARD**

### A.     Rule 12(b)(6) – Failure to State a Claim

A complaint that fails to state a claim upon which relief can be granted must be dismissed. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive, a complaint must plead enough facts to state a claim that is plausible on its face—that is, enough facts to permit the Court to draw a reasonable inference that the defendant is liable under a cognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Although the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions, formulaic recitations of the elements, or conclusory assertions unsupported by factual allegations. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555, 557.

Dismissal is appropriate when the complaint's own allegations show that the claim fails as a matter of law, including where a legal bar appears on the face of the pleading. *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678–79; *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

### B.     Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

Under Federal Rule of Civil Procedure 12(b)(1), a party may move to dismiss for lack of subject-matter jurisdiction. Federal courts are courts of limited jurisdiction, deriving their authority from Article III of the United States Constitution and statutes enacted by Congress. *See* 28 U.S.C. § 1331; *Pulido v. Cuccinelli*, 497 F. Supp. 3d 79, 87 (D.S.C. 2020). Because a federal court must possess subject-matter jurisdiction before it may adjudicate a case, dismissal is required if jurisdiction is lacking. *Ohio Valley Env't Coalition, Inc. v. Apogee Coal Co., LLC*, 531 F. Supp. 2d 747, 753 (S.D. W. Va. 2008).

Rule 12(b)(1) motions may present either a facial challenge or a factual challenge to subject-matter jurisdiction. *Pulido*, 497 F. Supp. 3d at 87; *Adkins v. United States*, 923 F. Supp. 2d 853, 856 (S.D. W. Va. 2013); *Jones v. Lexington Health Servs. Dist., Inc. (In re Jones)*, 618 B.R. 757, 761 (Bankr. W.D. Va. 2020). A facial challenge tests whether the allegations of the complaint, taken as true, are sufficient to establish jurisdiction. In that circumstance, the Court does not consider evidence outside the pleadings. *Pulido*, 497 F. Supp. 3d at 87; *Ohio Valley*, 531 F. Supp. 2d at 753. A factual challenge, by contrast, disputes the truth of the jurisdictional allegations themselves. When presented with such a challenge, the Court may consider evidence outside the pleadings without converting the motion into one for summary judgment. *Adkins*, 923 F. Supp. 2d at 856; *Mowery v. Nat'l Geospatial-Intelligence Agency*, 42 F.4th 428, 434 (4th Cir. 2022); *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991).

The burden of establishing subject-matter jurisdiction rests with the plaintiff. *Adkins*, 923 F. Supp. 2d at 856; *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003); *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. And because a federal court may not proceed to the merits without first assuring itself of jurisdiction, jurisdictional questions must be resolved at the outset. *Pulido*, 497 F. Supp. 3d at 87; *Ohio Valley*, 531 F. Supp. 2d at 753.

### C. Rule 12(h)(3) – Dismissal When Subject-Matter Jurisdiction Is Lacking

Federal Rule of Civil Procedure 12(h)(3) provides that, if the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. Fed. R. Civ. P. 12(h)(3). The rule reflects the continuing obligation of a federal court to assure itself of its jurisdiction throughout the case. Because subject-matter jurisdiction is a prerequisite to the exercise of judicial power, it cannot be created by waiver, consent, or omission. *See Pulido*, 497 F. Supp. 3d at 87; *Ohio Valley*, 531 F. Supp. 2d at 753.

Accordingly, where the complaint does not allege facts sufficient to establish a statutory basis for federal jurisdiction, dismissal is required. And where the jurisdictional defect appears on the face of the pleading, the Court may dismiss under Rule 12(h)(3) even apart from a separately styled Rule 12(b)(1) motion. *See Allen*, 245 F. Supp. 2d at 782; *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768. That principle applies here because Plaintiff bears the burden to allege facts sufficient to invoke this Court's jurisdiction in the first instance.

## ARGUMENT

The Complaint should be dismissed for four reasons. First, Plaintiff's FRSA claim fails because the Complaint does not allege the statutory prerequisites necessary to pursue any remedy under 49 U.S.C. § 20109 in this Court. Second, Plaintiff's Virginia statutory retaliation claim fails because Plaintiff does not allege that he filed, or intended to file, a claim under Title 65.2 as Virginia Code § 65.2-308 requires. Third, the Complaint affirmatively alleges an employment relationship that Title 65.2 excludes. Fourth, Plaintiff has not pleaded diversity jurisdiction as an alternative basis for federal subject-matter jurisdiction, and the Court should not retain any remaining state-law claim if the FRSA claim is dismissed.

### I. Plaintiff's FRSA Claim Fails Because the Complaint Does Not Allege the Statutory Prerequisites to a District-Court Remedy Under 49 U.S.C. § 20109.

The FRSA establishes an administrative enforcement scheme through which an employee must first pursue a retaliation claim before seeking relief in federal district court. An aggrieved employee must file an administrative complaint with the Secretary of Labor, through OSHA, within 180 days of the alleged violation. 49 U.S.C. § 20109(d)(2)(A)(ii); 29 C.F.R. § 1982.103(d). The Fourth Circuit has described that framework as one in which FRSA claims are "first resolved by OSHA and the Secretary of Labor (and then in the district courts after exhausting these administrative procedures)." *Lee*, 802 F.3d at 630.

That statutory structure is dispositive here because the Complaint does not allege facts showing that Plaintiff ever entered the administrative process Congress required. Instead, the Complaint alleges only that Plaintiff's counsel filed a "workers' compensation claim" on February 9, 2024, and that Defendants terminated Plaintiff "[u]pon receipt of the claim." Compl. ¶¶ 13–14. The Complaint does not allege that Plaintiff filed an FRSA administrative complaint with OSHA, identify the date of any such filing, or allege that Plaintiff completed (or was excused from completing) the administrative steps required before suit.

### A. The FRSA requires an administrative complaint within 180 days, and the Complaint alleges no such filing.

Congress required an employee asserting retaliation under the FRSA to commence the claim administratively within 180 days of the alleged violation. 49 U.S.C. § 20109(d)(2)(A)(ii); 29 C.F.R. § 1982.103(d). The Complaint does not allege that Plaintiff filed an FRSA administrative complaint with OSHA or the Secretary of Labor, or when any such complaint was filed.

The only filing identified in the Complaint is a February 9, 2024 "workers' compensation claim" filed by Plaintiff's counsel. Compl. ¶ 13. That allegation does not satisfy FRSA's administrative-commencement requirement. Without the predicate allegation of administrative commencement, the Complaint omits the statutory gateway to an FRSA remedy.

### B. The FRSA permits a district-court action only if the "kick-out" conditions are satisfied, and the Complaint alleges none of them.

The statute likewise limits when an employee may leave the administrative forum and file suit in federal district court. Under 49 U.S.C. § 20109(d)(3), a district-court action is permitted only if 210 days have elapsed since the filing of the administrative complaint without a final decision, and the delay is not due to the employee's bad faith. *See* also *Lee*, 802 F.3d at 628 n.1; *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 245 (4th Cir. 2009). Thus, even where a plaintiff

6

has properly commenced the administrative process, Congress authorized a district-court action only on specified terms.

The Complaint does not allege those terms or that they have been met. Because Plaintiff does not allege that he filed an OSHA complaint at all, he necessarily does not allege that 210 days elapsed after such a filing without a final decision. Nor does he allege that any delay was not attributable to his bad faith.

These are not technical defects. They go to whether Plaintiff has alleged a right to proceed in district court at all. FRSA relief begins in the administrative forum, and the statute's timing requirements govern the availability of a civil action. *Fulk v. Norfolk S. Ry. Co.*, 35 F. Supp. 3d 749, 755–56 (M.D.N.C. 2014). And where a plaintiff has not presented the claim to OSHA, dismissal is required for failure to exhaust administrative remedies. *See, e.g.*, *Brisbois v. Soo Line R.R. Co.*, 124 F. Supp. 3d 891, 899 (D. Minn. 2015) (dismissing three FRSA claims for failure to exhaust by first presenting them to OSHA); *Foster v. BNSF Ry. Co.*, 866 F.3d 962, 966–67 (8th Cir. 2017) (affirming summary judgment where FRSA claims were not included in the OSHA complaint and therefore were not administratively exhausted). A complaint that invokes FRSA while omitting these statutory predicates does not state an actionable claim.

### C. The FRSA claim should be dismissed.

Taken as true, the Complaint alleges that Plaintiff was terminated after his counsel filed a "workers' compensation claim" on February 9, 2024. It does not allege that Plaintiff filed an FRSA administrative complaint with OSHA, that he did so within 180 days, or that he satisfied the statutory conditions for a district-court action under § 20109(d)(3). Those allegations are necessary to state a claim under the FRSA. Because the Complaint omits them, the FRSA claim should be dismissed under Rule 12(b)(6).

7

> II. **Plaintiff's Virginia statutory retaliation claim fails because he does not allege a claim "under" Title 65.2, and because the employment relationship alleged falls outside Title 65.2.**

Section 65.2-308 creates a limited cause of action. It protects an employee from discharge for filing, or intending to file, a claim "under this title." Va. Code § 65.2-308(A). The statute therefore requires more than a generalized allegation that some type of workers' compensation claim was made. It requires a claim under Title 65.2 itself. And where Title 65.2 does not apply to the employment relationship alleged, § 65.2-308 supplies no cause of action at all.

> A. **Section 65.2-308 requires a claim under Title 65.2, and the Complaint does not allege one.**

The statutory text is specific, and it controls here. To state a retaliation claim under § 65.2-308, a plaintiff must allege that he filed, or intended to file, a claim "under" Title 65.2. The Court must give effect to that limitation.

The Complaint does not do so. Plaintiff alleges only that his counsel filed a "workers' compensation claim." Compl. ¶¶ 13–14. He does not allege that the claim was filed under Title 65.2, does not identify a proceeding before the Virginia Workers' Compensation Commission, and does not plead facts tying the alleged filing to Virginia's statutory workers' compensation scheme. As pleaded, then, the Complaint offers a general label where the statute requires a specific predicate.

That distinction matters. Section 65.2-308 does not protect every claim that might colloquially be described as a workers' compensation claim. It protects the filing, or intended filing, of a claim under Title 65.2. Where that predicate is not alleged, the statute does not apply.

> B. **Title 65.2 does not apply to the railroad employment relationship alleged in the Complaint.**

The Virginia claim fails for a second, independent reason. Title 65.2 defines "employee" in a manner that specifically excludes railroad employment relationships:

> "2. "Employee" shall not mean: …
> i. Employees of any common carrier by railroad engaging in commerce between any of the several states or territories or between the District of Columbia and any of the states or territories and any foreign nation or nations, and any person suffering injury or death while he is employed by such carrier in such commerce. … ."

Va. Code § 65.2-101(2)(i). Plaintiff alleges that he worked for the Belt Line, a terminal switching railroad, and further alleges that the Belt Line is "owned and operated" by CSX and Norfolk Southern. Compl. ¶¶ 4–7. On Plaintiff's own allegations, the employment relationship at issue is one tied to railroad operations.[1]

Plaintiff's Complaint further acknowledges that "[r]ailroads are *exempt* from workers' compensation laws." Compl. ¶ 18 (emphasis added). That concession confirms that the workers' compensation scheme he invokes is not the scheme that applies to the railroad employment relationship he alleges.

That matters because § 65.2-308 does not operate apart from the statutory scheme in which it appears. Where the employment relationship alleged falls outside Title 65.2, § 65.2-308 affords no cause of action arising from that relationship. Plaintiff therefore fails to state a claim under § 65.2-308.

### C. The Virginia statutory claim should be dismissed.

For both reasons, Plaintiff fails to state a claim under Virginia Code § 65.2-308. He does not allege that he filed, or intended to file, a claim under Title 65.2, and the Complaint affirmatively describes an employment relationship that Title 65.2 excludes. The Virginia statutory retaliation claim should therefore be dismissed under Rule 12(b)(6).

---

[1] While Plaintiff avers that the Belt Line is a "terminal switching" company, the Court may take judicial notice that it is a common carrier by railroad engaged in interstate commerce. Fed. R. Evid. 201; *Norfolk and Portsmouth Belt Line Railroad Company v. Brotherhood of Railroad Trainmen,* 248 F.2d 34, 36 (4th Cir. 1957); *Norfolk & Portsmouth Belt Line R.R. Co. v. Wilson*, 276 Va. 739, 741-742 S.E.2d (2008).

### III. Plaintiff Has Not Pleaded Diversity Jurisdiction, and the Court Should Not Retain Any Remaining State-Law Claim.

Plaintiff cannot preserve this action in federal court by resort to diversity jurisdiction that the Complaint does not adequately plead. Diversity jurisdiction exists only when the amount in controversy exceeds $75,000, exclusive of interest and costs, and there is complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332; *Hart v. Travelers Prop. Cas. Co. of Am.*, 610 F. Supp. 3d 785 (E.D. Va. 2022); *N.C. Ins. Guar. Ass'n v. Wesco Ins. Co.*, 518 F. Supp. 3d 876 (E.D. Va. 2021). Complete diversity means that no plaintiff shares citizenship with any defendant. *Hart*, 610 F. Supp. 3d 785; *N.C. Ins. Guar. Ass'n*, 518 F. Supp. 3d 876.

The governing rules are settled. An individual's citizenship is determined by domicile. *Hart*, 610 F. Supp. 3d 785; *Graham v. Antero Res. Corp.*, 198 F. Supp. 3d 712 (N.D. W. Va. 2016). A corporation's citizenship is determined by both its state of incorporation and its principal place of business. 28 U.S.C. § 1332(c)(1); *Hart*, 610 F. Supp. 3d 785; *N.C. Ins. Guar. Ass'n*, 518 F. Supp. 3d 876.

The Complaint does not allege those facts. Although Plaintiff alleges his own Virginia citizenship, he does not allege, as to each corporate defendant, both the state of incorporation and the principal place of business. That omission is not cured by inference. Without those allegations, the Court cannot determine whether complete diversity exists. And because diversity is assessed on the jurisdictional facts as they exist when the action is filed, it cannot be supplied later by assumption or argument. *Graham*, 198 F. Supp. 3d 712; *Keith v. Clarke Am. Checks, Inc.*, 261 F. Supp. 2d 419 (E.D. Va. 2003).

Nor do ancillary doctrines sometimes invoked in diversity cases assist Plaintiff here. This is not a removal case in which a removing party may rely on a short and plain statement of jurisdictional grounds. *See Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192 (4th Cir.

10

2008). Nor is this a fraudulent-joinder case in which a party's citizenship may be disregarded upon a distinct showing. *See Weidman v. Exxon Mobil Corp.*, 776 F.3d 214 (4th Cir. 2015). The problem is more basic: the Complaint does not plead the jurisdictional facts necessary to establish diversity jurisdiction under § 1332.

Federal courts possess only the jurisdiction Congress confers. When no basis for original jurisdiction exists under 28 U.S.C. § 1331 or 28 U.S.C. § 1332, the Court lacks subject-matter jurisdiction and must dismiss the action. Fed. R. Civ. P. 12(b)(1), 12(h)(3). Accordingly, if the FRSA claim is dismissed for lack of subject-matter jurisdiction, and diversity jurisdiction has not been adequately pleaded, the Court must dismiss any remaining state-law claim under Rules 12(b)(1) and 12(h)(3).

In the alternative, if the FRSA claim is dismissed on the merits under Rule 12(b)(6), the Court may decline to exercise supplemental jurisdiction over any remaining state-law claim under 28 U.S.C. § 1367(c)(3) and should dismiss that claim without prejudice.

## CONCLUSION

WHEREFORE, Defendant Norfolk and Portsmouth Belt Line Railroad Co. respectfully requests that the Court grant its Motion to Dismiss; dismiss Plaintiff's FRSA claim under Fed. R. Civ. P. 12(b)(6); dismiss Plaintiff's Virginia statutory retaliation claim under Fed. R. Civ. P. 12(b)(6); and award such other and further relief as the Court deems just and proper.

In the alternative, if the Court dismisses the FRSA claim and no independent basis for original jurisdiction exists, the Court should dismiss any remaining state-law claim under Fed. R. Civ. P. 12(b)(1) and 12(h)(3). If the Court dismisses the FRSA claim on the merits under Rule 12(b)(6), the Court should decline supplemental jurisdiction under 28 U.S.C. § 1367(c) and dismiss the remaining state-law claim without prejudice.

Dated: March 10, 2026

NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY

By: _____/s/_____
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Andrea' N. Dunlap, VSB No. 98030
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 10th day of March 2026, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

By: _____/s/_____
Andrea' N. Dunlap, Esq.