**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

| | |
|---|---|
| **ELEXANDER ADKINSON**, | |
| *Plaintiff*, | Case No.: 2:26-cv-00071-RBS-LRL |
| v. | |
| **CSX TRANSPORTATION, INC., NORFOLK & PORTSMOUTH BELT LINE RAILROAD CO., AND NORFOLK SOUTHERN RAILWAY CORP.**, | |
| *Defendants*. | |

**DEFENDANTS CSX TRANSPORTATION, INC. AND NORFOLK SOUTHERN
RAILWAY CO.'S MEMORANDUM IN SUPPORT OF
MOTION TO DISMISS PLAINTIFF'S COMPLAINT**

Now come Defendants CSX Transportation, Inc. ("CSX") and Norfolk Southern Railway Co.[1] ("NS"), by and through counsel, and for their Memorandum in Support of their Fed. R. Civ. P. 12(b)(1), 12(h)(3) and, in the alternative, Fed. R. Civ. P 12(b)(6) Motion to Dismiss Plaintiff Elexander Adkinson's ("Plaintiff") Complaint, hereby state as follows:

**I.     INTRODUCTION**

This matter arises from Plaintiff's employment at Defendant Norfolk & Portsmouth Belt Line Railroad Co. ("Belt"), a terminal switching company jointly owned by Class I freight railroads CSX and NS. Plaintiff alleges he was terminated by Defendants in retaliation for reporting an injury, in violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"), and in retaliation for filing a workers' compensation claim, in violation of Virginia state law, Va. Cd. § 65.2-308. (*See generally* Dkt. No. 1). As explained below, this Court lacks subject matter

---

[1] Plaintiff incorrectly named Norfolk Southern Railway Corp. as a Defendant in this matter. The correct legal entity is Norfolk Southern Railway Co.

jurisdiction over the FRSA claim, thereby denying it jurisdiction over the Virginia state workers' compensation claim. In addition, Plaintiff's Complaint fails to state a claim upon which relief can be granted. For each of these independent reasons, the Complaint must be dismissed.

First, the FRSA claim must be dismissed because there are insufficient facts alleged in the Complaint to support subject matter jurisdiction. Congress limited the jurisdiction of U.S. district courts over FRSA claims to only those situations where the U.S. Secretary of Labor failed to act within 210 days of a complaint being filed with the Occupational Safety and Health Administration ("OSHA"). 49 U.S.C. § 20109(d)(3). There are no allegations in the Complaint upon which this Court can glean that it possesses subject matter jurisdiction. As a result, the FRSA-related claim must be dismissed for this reason alone.

Second, even if this Court has subject matter jurisdiction, Plaintiff's FRSA retaliation claim is time-barred by the applicable 180-day statute of limitations under 49 U.S.C. § 20109(d)(2)(A)(ii). There is no allegation in the Complaint that Plaintiff complied with this statutory obligation, so the FRSA allegations fail to state a claim upon which relief can be granted.

Third, Plaintiff has not alleged that he exhausted his administrative remedies as required by 49 U.S.C. § 20109(d)(1) because he fails to allege that he satisfied the statutory prerequisite of initiating an action by filing a complaint with the U.S. Secretary of Labor, and therefore fails to state a claim upon which relief can be granted for this additional, independent reason.

Because the FRSA claim must be dismissed, this Court should not exercise jurisdiction over the remaining Virginia state law claim. Initially, Plaintiff fails to allege facts demonstrating diversity jurisdiction to preserve his Complaint in federal court. Regardless, Plaintiff cannot state a claim against NS and CSX under Va. Cd. § 65.2-308 because NS and CSX are Class I freight railroads subject to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.*, and are therefore

exempt from state workers' compensation laws under well-established U.S. Supreme Court precedent. *See New York Cent. R.R. Co. v. Winfield*, 244 U.S. 147, 151–52 (1917). Plus, Plaintiff fails to allege that he filed a worker's compensation claim in Virginia, so Va. Cd. § 65.2-308 cannot apply.

For all of these reasons, as set out more fully below, Plaintiff's Complaint must be dismissed in its entirety.

## II.  PLAINTIFF'S FACTUAL ALLEGATIONS[2]

Plaintiff alleges that NS and CSX are freight railroads. (Dkt. No. 1, ¶¶ 5–6). Plaintiff further alleges that he worked for "Respondents" (without definition) in this district. (Dkt. No. 1, ¶ 4). Plaintiff alleges that he lost his job as a result of "Defendants'" practice of retaliating against employees for reporting an injury. (Dkt. No. 1, ¶ 2). Plaintiff admits, as he must, that railroads are exempt from workers' compensation laws. (Dkt. No. 1, ¶ 18).

With regard to facts to support the events at issue, Plaintiff merely alleges that on February 9, 2024, his attorney filed a workers' compensation claim on his behalf. (Dkt. No. 1, ¶ 13). Plaintiff states that Defendants terminated him "[u]pon receipt of the [workers' compensation] claim." (Dkt. No. 1, ¶ 14). Plaintiff summarily alleges that NS and CSX personnel made the decision to terminate him. (Dkt. No. 1, ¶ 15).

## III.  LAW AND ANALYSIS

### A. Legal Standards.

#### i.  Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1)

Under Federal Rule of Civil Procedure 12(b)(1), a district court must dismiss an action over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). "In considering a

---

[2] As required, NS and CSX accept the factual allegations in the Complaint as true for purposes of this Motion.

Rule 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that federal subject-matter jurisdiction is proper." *Am. Bd. of Opticianry & Nat'l Contact Lens Examiners, Inc. v. Inst. for Credentialing Excellence*, No. 1:15-CV-1169-GBL-TCB, 2016 WL 11668712, at *3 (E.D. Va. Mar. 4, 2016) (citing *United States v. Hays*, 515 U.S. 737, 743 (1995)).

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction. "First, it may be contended that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based. In that event, all the facts alleged in the complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural protection as he would receive under a Rule 12(b)(6) consideration." *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). Second, "it may be contended that the jurisdictional allegations of the complaint were not true." *Id.* With regard to the first option for dismissal under Rule 12(b)(1), the Court must dismiss a complaint that "simply fails to allege facts upon which subject matter jurisdiction can be based." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009).

Here, Plaintiff's Complaint simply fails to allege facts upon which subject matter jurisdiction is based. As explained below, the face of Plaintiff's Complaint fails to allege facts that demonstrate the FRSA has conferred jurisdiction on this Court in this matter. Plus, Plaintiff has failed to allege facts sufficient to support diversity jurisdiction. Accordingly, Plaintiff's FRSA claim should be dismissed pursuant to Rule 12(b)(1).

### ii.     Dismissal Pursuant to Fed. R. Civ. P. 12(h)(3)

Federal Rule of Civil Procedure 12(h)(3) provides that, if the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the action. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 506, 514 (2006) (explaining that, under Rule 12(h)(3), the court must dismiss an action when it concludes it lacks subject matter jurisdiction); *Atkinson v. Sellers*, 233 F. App'x 268, 272 (4th

Cir. 2007); ("[w]henever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action.").

Here, Plaintiff does not satisfy his burden to allege facts sufficient to demonstrate subject matter jurisdiction on the face of the Complaint. Thus, the Complaint must be dismissed in its entirety.

### iii.     Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)

In order to survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual matter, accepted to be true, to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "This requires that the plaintiff do more than plead facts that are merely consistent with a defendant's liability; the facts alleged must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (cleaned up). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Manickavasagar v. Va. Commonwealth Univ. Sch. Of Med.*, 667 F. Supp. 2d 635, 642 (E.D. Va. 2009). The facts alleged in the complaint "must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. To that end, "*Iqbal*…unambiguously requires a plaintiff to plead her case using specific factual allegations rather than mere conclusory statements." *Spencer v. Va. State Univ.*, 224 F. Supp. 3d 449, 455–56 (E.D. Va. 2016) (citation omitted).

The court should grant a motion to dismiss when the complaint provides "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or the complaint "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic

recitation of the elements of a cause of action will not do." *Id.*; *see also Wyche v. Kuchinsky*, No. 3:16CV114, 2017 WL 2222376, at *5 (E.D. Va. May 19, 2017) ("Allegations of wrongful conduct framed exclusively within the terms of the relevant statutes or case law authority fail to meet this standard."). Plaintiff's factual allegations will be taken as true, "but the court is not bound by the complaint's legal conclusions," *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009), and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citation and quotation marks omitted).

In this case, the threadbare facts alleged in Plaintiff's Complaint do not permit the Court to draw the reasonable inference that Plaintiff is entitled to relief under the FRSA or Virginia's workers' compensation law.

### B. Plaintiff Does Not Allege Sufficient Facts to Support Subject Matter Jurisdiction Over Plaintiff's FRSA Claim.

Congress granted jurisdiction to district courts over FRSA claims through § 20109(d)(3) only in the event a plaintiff files a complaint with OSHA and 210 days have passed since the filing of the complaint without the Secretary of Labor issuing a final decision. 49 U.S.C. § 20109(d)(3). The language of § 20109(d)(3) is plainly jurisdictional on its face: it specifically states that after 210 days pass without a final decision by the Secretary of Labor, "the employee may bring an original action … in the appropriate district court of the United States, ***which shall have jurisdiction over such an action***…" *Id.* (emphasis added). Various federal courts agree that this language is clearly jurisdictional. *See Ratledge v. Norfolk S. Ry. Co.*, No. 1:12-CV-402, 2013 WL 3872793, at *5 (E.D. Tenn. July 25, 2013) (stating "subsection (d)(3) clearly relates to a court's

jurisdiction…."); *Koger v. Norfolk S. Ry. Co.*, No. CIV.A. 1:13-12030, 2014 WL 2778793, at *2 (S.D.W. Va. June 19, 2014) (same).

> It is axiomatic that:
>
> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). As explained above, district courts are granted jurisdiction over FRSA complaints only as narrowly prescribed by § 20109(d)(3). That subsection specifically states that it applies "with respect to a complaint under paragraph (1) [of FRSA subsection (d)]." Paragraph (1) refers to a "complaint *with the Secretary of Labor*." 49 U.S.C. § 20109(d)(1) (emphasis added). Thus, if a Plaintiff does not file a complaint under paragraph (1) – i.e., a complaint with OSHA – then there is simply no predicate "complaint under paragraph (1)" over which § 20109(d)(3) could confer jurisdiction on this Court.

Importantly, Plaintiff does not allege in his Complaint that he *ever* filed a complaint with OSHA. Therefore, Plaintiff's Complaint fails to demonstrate that there was any "complaint under paragraph (1)" that could confer jurisdiction on this Court pursuant to § 20109(d)(3).

Moreover, § 20109(d)(3) clearly states that the FRSA only confers jurisdiction on a district court "if the Secretary of Labor has not issued a final decision within 210 days after the filing of the complaint." Once again, Plaintiff fails to allege in his Complaint that more than 210 days have elapsed since he filed any administrative claim with OSHA.

Finally, Plaintiff has failed to plead the facts needed to establish diversity jurisdiction. Diversity jurisdiction exists only where the amount in controversy exceeds $75,000, exclusive of interest and costs, and complete diversity of citizenship exists between all plaintiffs and all

defendants. 28 U.S.C. § 1332; *N.C. Ins. Guar. Ass'n v. Wesco Ins. Co.*, 518 F. Supp. 3d 876, 878 (E.D. Va. 2021). For a corporation, citizenship is determined both by the state of incorporation and the state of its principal place of business. 28 U.S.C. § 1332; *N.C. Ins. Guar. Ass'n*, 518 F. Supp. 3d at 878–79. Plaintiff's Complaint does not allege facts sufficient to demonstrate diversity jurisdiction. Plaintiff only alleges his own Virginia citizenship. However, he fails to allege, as to each of the three corporate Defendants, both the state of incorporation and the principal place of business necessary to establish their citizenship for the purposes of diversity jurisdiction. Without those facts, the Court cannot determine whether complete diversity exists.

For each of these reasons, Plaintiff's Complaint fails to allege sufficient facts to establish that this Court has subject matter jurisdiction over his FRSA claim, and his FRSA claim should be dismissed pursuant to Rule 12(b)(1).

### C. Plaintiff's FRSA Claim Must Also Be Dismissed Because the Complaint Does Not Contain Sufficient Facts Alleging Compliance with the FRSA's Statute of Limitations.

Plaintiff's FRSA claim must also be dismissed because the Complaint does not allege sufficient facts to establish that he filed an administrative complaint with OSHA within the FRSA's statute of limitations. The FRSA sets forth a 180-day statute of limitations. 49 U.S.C. § 20109(d)(2)(A)(ii). In order to satisfy the statute of limitations, an employee must submit a complaint to OSHA within 180 days of the alleged adverse employment action. *Id.* Failure to submit a complaint to OSHA within 180 days warrants dismissal of the claim. *See Guerra v. Consol. Rail Corp.*, 936 F.3d 124, 136–37 (3d Cir. 2019) (affirming dismissal of FRSA claim as time-barred where OSHA complaint was filed more than 180 days after the adverse action); *Mercier v. United States Dep't of Labor, Admin. Review Bd.*, 850 F.3d 382, 388 (8th Cir. 2017) (affirming dismissal of FRSA claims that accrued more than 180 days before employee filed

OSHA complaint); *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1211 (10th Cir. 2018) ("…based on the 180-day time limit in § 20109(d)(2)(A)(ii), any alleged unfavorable personnel action occurring more than 180 days before an employee files an OSHA complaint is not actionable").

Plaintiff's Complaint is entirely devoid of any facts establishing that Plaintiff *ever* filed a complaint with OSHA – let alone within 180 days of his termination (i.e., his alleged adverse employment action). With regard to timing, Plaintiff merely states that he filed a workers' compensation claim on February 9, 2024 and was terminated, "upon receipt of the claim." (Dkt. No. 1, ¶¶ 13–14). Consequently, to satisfy the FRSA's statute of limitations, Plaintiff was required to file a complaint with OSHA by roughly mid-August 2024. Yet, because Plaintiff's Complaint does not allege any facts related to the filing of a complaint with OSHA, it is impossible to conclude from the face of the Complaint that Plaintiff satisfied the FRSA's 180-day statute of limitations.

Accordingly, for this additional, independent reason, Plaintiff's Complaint fails to state a claim under the FRSA upon which relief can be granted, and the Complaint must be dismissed.

### D. Plaintiff's FRSA Claim Must Also Be Dismissed Because the Complaint Does Not Allege that Plaintiff Exhausted His Administrative Remedies.

As set out above, the FRSA provides that an employee asserting a claim of retaliation under 49 U.S.C. §§ 20109(a)-(c) must first file a complaint with the U.S. Secretary of Labor. 49 U.S.C. § 20109(d)(1). "The text of the statute therefore makes clear that to receive relief under the FRSA, litigants must first file a complaint with OSHA alleging unlawful discrimination." *Foster v. BNSF Ry. Co.*, 866 F.3d 962, 966 (8th Cir. 2017) (citing 49 U.S.C. § 20109(d)(2); 49 U.S.C. § 42121(b)(1); 29 C.F.R. § 1982.103).

Lack of exhaustion of administrative remedies requires dismissal of an FRSA claim. *See, e.g.*, *Brisbois v. Soo Line R.R. Co.*, 124 F. Supp. 3d 891, 899 (D. Minn. 2015) (dismissing three

FRSA claims because plaintiff failed to exhaust administrative remedies by first presenting the claims to OSHA); *Foster*, 866 F.3d at 966–67; (affirming summary judgment for railroad because FRSA claims were not included in plaintiff's OSHA complaint and therefore were not administratively exhausted).

Like the FRSA, Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-1, *et seq.*, also requires that a charge first be filed with the appropriate agency prior to initiating a lawsuit in federal court. 42 U.S.C. § 2000e-5(e)(1). In that context as well, district courts routinely dismiss complaints in cases where, like the case at bar, a plaintiff fails to plead any facts demonstrating he exhausted his administrative remedies prior to filing suit. *See, e.g.*, *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979) (affirming dismissal of Title VII claims because neither the complaint nor the amended complaint alleged that plaintiffs complied with the prerequisite of filing a charge with the EEOC and receiving a right to sue notice before filing suit); *Coles v. Deltaville Boatyard, LLC*, No. 3:10cv491, 2011 WL 666050, at *3 (E.D. Va. Feb. 14, 2011) (noting plaintiff's failure to plead exhaustion of administrative remedies and dismissing amended complaint as a result); *Hickman v. Amazon Fullfilment*, 662 F. App'x 176, 178–79 (3d Cir. 2016) (affirming dismissal of complaint because plaintiff failed to plead exhaustion of administrative remedies); *Boyce v. Ancora State Hosp.*, No. 14-0185, 2015 WL 857573, at *3 (D.N.J. Feb. 27, 2015) (dismissing Title VII claims where plaintiff failed to plead compliance with administrative requirements).

Here, Plaintiff's Complaint is entirely devoid of any allegations regarding the filing of a complaint with OSHA prior to initiating the instant lawsuit, as required by § 20109(d)(1). Indeed, the Complaint is completely silent on the issue of OSHA conducting an investigation with respect

to any such complaint. Thus, Plaintiff's FRSA claim must be dismissed for failure to state a claim upon which relief can be granted for this additional reason.

### E. After Dismissing Plaintiff's FRSA Claim, the Court Should Not Exercise Jurisdiction Over Plaintiff's Remaining Virginia State Law Claim.

As discussed above, Plaintiff's FRSA claim should be dismissed on multiple, independent bases. 28 U.S.C. § 1367(a) grants federal district courts supplemental jurisdiction over state law claims that are so related to claims within the court's original jurisdiction that they form part of the same case or controversy. However, supplemental jurisdiction under § 1367(a) cannot exist in the absence of original jurisdiction. If a federal claim is dismissed for lack of subject matter jurisdiction, the court must dismiss the entire complaint, including any remaining state law claims. *See Arbaugh*, 546 U.S. at 514 ("[W]hen a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety."). Further, even if a court has jurisdiction over a federal claim, § 1367(c) provides that a district court may decline to exercise supplemental jurisdiction if the district court has dismissed all claims under Rule 12(b)(6) over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3).

Here, because Plaintiff's FRSA claim must be dismissed for lack of subject matter jurisdiction in accordance with Rules 12(b)(1) and 12(h)(3), his claim under Virginia state law must be dismissed as well for lack of jurisdiction. *See Arbaugh*, 546 U.S. at 514.

Similarly, if the Court dismisses Plaintiff's FRSA claim pursuant to Rule 12(b)(6), it may still decline to exercise supplemental jurisdiction. Dismissing remaining state law claims pursuant to § 1367(c) is a matter of judicial discretion. *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995). The Court must consider factors such as judicial economy, convenience, fairness, comity, and whether any federal policy issues remain. *Id.* However, the prevailing practice is that, when all federal claims are dismissed early in the litigation, the balance of these factors almost always

favors declining supplemental jurisdiction over the remaining state law claims. *See, e.g.*, *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial,… the state claims should be dismissed as well."); *Banks v. Gore*, 738 F. App'x 766, 773 (4th Cir. 2018) ("Generally, when a district court dismisses all federal claims in the early stages of litigation, it should decline to exercise jurisdiction over any remaining pendent state law claims by dismissing those claims without prejudice."); *Ruttenberg v. Jones*, 603 F. Supp. 2d 844, 873–74 (E.D. Va. 2009), *aff'd*, 375 F. App'x 298 (4th Cir. 2010) (declining to exercise supplemental jurisdiction over state law claims after dismissing all federal claims); *Smith v. Walmart Inc.*, No. 7:22-CV-00568, 2024 WL 4819443, at *7 (W.D. Va. Nov. 18, 2024) (same).

Here, even if the Court had subject matter jurisdiction over Plaintiff's FRSA claim, the balance of the factors still favors dismissal of his Virginia state law claim. In a recent case holding that state law claims should be dismissed pursuant to § 1367(c)(3), the Richmond Division of this Court undertook a detailed weighing of the factors described in *Shanaghan*. The court reasoned:

> As to the federal policy factor, none of the remaining counts directly involve federal policy. All remaining counts allege causes of action under Virginia law. Next, comity and judicial economy likewise favors dismissal. [Plaintiff's] remaining claims rely entirely upon Virginia law. Allowing a state court to address state law matters would best serve judicial economy. Fairness and convenience to the parties also weigh in favor of the Court declining supplemental jurisdiction. This case remains in an early stage of litigation. … Accordingly, the Court's consideration of the convenience to the parties also favors dismissal.

*J. R. Tharpe Trucking Co., Inc. v. Prince Edward Cnty., Virginia*, No. 3:24CV422, 2025 WL 817866, at *10 (E.D. Va. Mar. 14, 2025). The court's analysis in *J. R. Tharpe Trucking Co.* is directly on point. Plaintiff's only remaining claim would be under Virginia law, and this case is in the very early stages of litigation. Accordingly, the Court should decline to exercise supplemental jurisdiction pursuant to § 1367 and dismiss Plaintiff's claim under Va. Cd. § 65.2-308.

### F. Plaintiff's Claim Under Va. Cd. § 65.2-308 Must Be Dismissed Because Plaintiff Admits NS and CSX Are Railroads to Whom Virginia's Workers' Compensation Law Does Not Apply.

Plaintiff's claim under Va. Cd. § 65.2-308 must also be dismissed for a second, independent reason. Plaintiff alleges he was employed by a terminal switching company jointly owned by CSX and NS, two Class I freight railroads. (Dkt. No. 1, ¶¶ 4–7, 10). As Plaintiff acknowledges in his Complaint, "Railroads are exempt from workers' compensation laws." (Dkt. No. 1, ¶ 18). Indeed, rather than filing a state workers' compensation claim, injured railroad employees may only seek damages for on-duty injuries under the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA").

As railroads, workers' compensation laws do not apply to NS and CSX. Railroad workers must use the FELA as their "***exclusive remedy***" for on-duty injuries. *Norfolk S. Ry. Co. v. Wilson*, 7 F. App'x 156, 157 (4th Cir. 2001) ("FELA provides the exclusive remedy for railroad workers assisting in interstate commerce."); *see also New York Cent. R.R. Co.*, 244 U.S. at 151–52 (FELA is the exclusive remedy for railroad employees); 11 Fed. Proc., L. Ed. § 30:1 ("FELA… presents the exclusive remedy in all cases coming within its terms, and supersedes all applicable state laws."). In *Sheppard v. CSX Transp., Inc.*, for example, the Fourth Circuit Court of Appeals made clear that the FELA ***preempts*** state workers' compensation laws with respect to employees of interstate rail carriers. 78 F. App'x 878, 882 (4th Cir. 2003) (citing *New York Cent. R.R. Co.*, 244 U.S. at 153).[3]

Despite the FELA's clear preemption of state law, Plaintiff attempts to assert a cause of action under Va. Cd. § 65.2-308, which generally prohibits employers from discharging an

---

[3] Plaintiff's own Complaint acknowledges that "***instead***" of being subject to workers' compensation laws, railroads are liable to employees whose injuries are caused by the railroads' negligence. (Dkt. No. 1, ¶ 18) (emphasis added).

employee for filing a claim under the Virginia Workers' Compensation Act ("VWCA"). Initially, Va. Cd. § 65.2-101(2)(i) specifically excludes railroad employment relationships in the VWCA's definition of "employee." In addition, the VWCA specifically states that an employer may not discharge an employee who files a workers' compensation claim "***under this title*** [i.e., the VWCA]." Va. Cd. § 65.2-308. Plaintiff's Complaint contains only the vague allegation that he filed a "workers' compensation claim," without any reference as to which state or federal law under which the claim was filed. (Dkt. No. 1, ¶¶ 13, 27). Critically, Plaintiff makes no allegation that he filed a workers' compensation claim under the VWCA, as required by Va. Cd. § 65.2-308. Indeed, the allegations in Plaintiff's Complaint expressly contradict that he filed a workers' compensation claim under the VWCA due to his acknowledgment that "[r]ailroads are exempt from workers' compensation laws." (Dkt. No. 1, ¶ 18). Thus, as Plaintiff acknowledges in his Complaint, Plaintiff is not entitled to the protection of the VWCA and therefore cannot state a claim of retaliation under Va. Cd. § 65.2-308 as a matter of law.

For these reasons, there can be no question that Plaintiff has failed to state a claim under Va. Cd. § 65.2-308 upon which relief can be granted, and this cause of action must be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, this Court lacks subject matter jurisdiction over Plaintiff's claims, and Plaintiff has failed to state a claim upon which relief can be granted. Accordingly, Defendants CSX Transportation, Inc. and Norfolk Southern Railway Co. respectfully request that this Court dismiss Plaintiff's Complaint in its entirety pursuant to Rules 12(b)(1), (h)(3) and 12(b)(6).

Dated: March 10, 2026

Respectfully submitted,


*/s/* Forrest M. Via
Forrest M. Via (VSB. No. 98853)
David Bowen (VSB No. 26771)
Willcox Savage
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500
fvia@wilsav.com
dbowen@wilsav.com


Joseph C. Devine (*pro hac vice* forthcoming)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
jdevine@bakerlaw.com

*Counsel for Defendants CSX Transportation, Inc. and Norfolk Southern Railway Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 10, 2026, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all parties of record.

*/s/* Forrest M. Via
Forrest M. Via (VSB No. 98853)
David Bowen (VSB No. 26771)
Willcox Savage
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500
fvia@wilsav.com
dbowen@wilsav.com
*Counsel for Defendants CSX Transportation, Inc.*
*and Norfolk Southern Railway Company*