# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### *Norfolk Division*

|  |  |
|---|---|
| **ELEXANDER ADKINSON**, | |
| *Plaintiff*, | Case No.: 2:26-cv-00071-RBS-LRL |
| v. | |
| **CSX TRANSPORTATION, INC., NORFOLK & PORTSMOUTH BELT LINE RAILROAD CO., AND NORFOLK SOUTHERN RAILWAY CORP.**, | |
| *Defendants*. | |

## DEFENDANTS CSX TRANSPORTATION, INC. AND NORFOLK SOUTHERN RAILWAY CO.'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT

Now come Defendants CSX Transportation, Inc. ("CSX") and Norfolk Southern Railway Co.[1] ("NS"), by and through counsel, and for their Memorandum in Support of their Fed. R. Civ. P. 12(b)(6) Partial Motion to Dismiss Plaintiff Elexander Adkinson's ("Plaintiff") Amended Complaint,[2] hereby state as follows:

---

[1] Plaintiff incorrectly named Norfolk Southern Railway Corp. as a Defendant in this matter. The correct legal entity is Norfolk Southern Railway Co.

[2] Pursuant to Fed. R. Civ. P. 12(a)(4), CSX and NS expressly reserve the right to file their Answer to Plaintiff's Amended Complaint until after the Court rules on the instant Rule 12(b)(6) Partial Motion to Dismiss and any motion to dismiss filed by Belt. *See Maass v. Lee*, No. 1:16-cv-66, 189 F. Supp. 3d 581, 587–88 (E.D. Va. May 17, 2016) ("[T]he clear consensus among courts is that Rule 12(a)(4) clearly contemplates that any motion under Rule 12, whether it is to dismiss the entire Complaint or only portions of the Complaint, suspends the time for the moving defendant to respond to the remainder of the Complaint.") (citations omitted).

## I.      INTRODUCTION

This matter arises from Plaintiff's employment at Defendant Belt, a terminal switching company jointly owned by Class I freight railroads CSX and NS. Plaintiff alleges he was terminated by Defendants in retaliation for reporting an injury, in violation of the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"), and in retaliation for filing a workers' compensation claim, in violation of Virginia state law, Va. Cd. § 65.2-308. (*See* Dkt. No. 18). As explained below, Plaintiff cannot state a claim against CSX and NS under Va. Cd. § 65.2-308 because the statutory language of Va. Cd. Title 65.2 specifically excludes Plaintiff from its coverage and does not permit him to bring a cause of action under the statute as a matter of law. Also, Plaintiff cannot bring a state law workers' compensation claim against CSX and NS, because they are Class I freight railroads subject to the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA"), which provides the exclusive remedy for injured railroad workers under well-established U.S. Supreme Court precedent. *See New York Cent. R.R. Co. v. Winfield*, 244 U.S. 147, 151–52 (1917).

For these reasons, as set out more fully below, Plaintiff's cause of action under Va. Cd. § 65.2-308 must be dismissed with prejudice.

## II.     PLAINTIFF'S FACTUAL ALLEGATIONS[3]

Plaintiff alleges that CSX and NS are Class I freight railroads. (Dkt. No. 18, ¶¶ 5–6). Plaintiff further alleges that, while he "worked for" Belt, his employment was "controlled by" CSX and NS. (Dkt. No. 18, ¶ 14). Plaintiff alleges that he lost his job as a result of "Defendants'" practice of retaliating against employees for reporting on-duty injuries. (Dkt. No. 18, ¶ 2). Plaintiff

---

[3]As required, CSX and NS accept the factual allegations in the Amended Complaint as true for purposes of this Motion. However, CSX and NS deny that Plaintiff was an employee of either CSX or NS at any time and also deny that they were involved in making any decisions regarding Plaintiff's employment with Belt.

admits, as he must, that he is not eligible for workers' compensation under Va. Cd. Title 65.2 and that railroads are exempt from state workers' compensation laws. (Dkt. No. 18, ¶ 28–29).

With regard to his cause of action under Va. Cd. § 65.2-308, Plaintiff alleges that on February 9, 2024, his attorney filed a Virginia workers' compensation claim on his behalf. (Dkt. No. 18, ¶ 16). Plaintiff asserts that the claim was forwarded to Defendants, and officers of each of Defendants thereafter made the decision to terminate his employment. (Dkt. No. 18, ¶¶ 17, 22).

### III.    LAW AND ANALYSIS

#### A.  Legal Standard for Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6).

In order to survive a motion to dismiss brought under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter, accepted to be true, to state "a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "This requires that the plaintiff do more than plead facts that are merely consistent with a defendant's liability; the facts alleged must allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (cleaned up). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Manickavasagar v. Va. Commonwealth Univ. Sch. Of Med.*, No. 3:09cv316, 667 F. Supp. 2d 635, 642 (E.D. Va. Oct. 16, 2009). The facts alleged in the complaint "must be enough to raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. To that end, "*Iqbal*…unambiguously requires a plaintiff to plead her case using specific factual allegations rather than mere conclusory statements." *Spencer v. Va. State Univ.*, No. 3:16cv331, 224 F. Supp. 3d 449, 455–56 (E.D. Va. Nov. 30, 2016) (citation omitted).

It is well settled that a court should grant a motion to dismiss when the complaint provides "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," or the complaint "tenders naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quotation marks omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.*; *see also Wyche v. Kuchinsky*, No. 3:16CV114, 2017 WL 2222376, at *5 (E.D. Va. May 19, 2017) ("Allegations of wrongful conduct framed exclusively within the terms of the relevant statutes or case law authority fail to meet this standard."). Plaintiff's factual allegations will be taken as true, "but the court is not bound by the complaint's legal conclusions," *Robinson v. Am. Honda Motor Co.*, 551 F.3d 218, 222 (4th Cir. 2009), and "need not accept as true unwarranted inferences, unreasonable conclusions or arguments." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (citation and quotation marks omitted).

In this case, the allegations on the face of Plaintiff's Amended Complaint do not permit the Court to draw the reasonable inference that Plaintiff is entitled to relief under Va. Cd. Title 65.2.

**B. Plaintiff's Claim Under Va. Cd. § 65.2-308 Must Be Dismissed Because Plaintiff, as a Railroad Employee, is Excluded from the Statutory Definition of "Employee" Under Va. Cd. Title 65.2 and Is Therefore Not Permitted to Bring a Cause of Action under that Title as a Matter of Law.**

Plaintiff's Amended Complaint, on its face, fails to state a claim under Va. Cd. § 65.2-308 as a matter of law. Plaintiff attempts to assert a cause of action under Va. Cd. § 65.2-308, which falls within Va. Cd. Title 65.2 and generally prohibits employers from discharging employees for filing claims under the Virginia Workers' Compensation Act. However, fatal to Plaintiff's asserted cause of action, Va. Cd. § 65.2-308 only protects "employees" and only provides the right to bring a civil cause of action to "employees," as that term is defined within Title 65.2. In this regard, Va. Cd. § 65.2-308 states:

4

§ 65.2-308. Discharge of **employee** for exercising rights prohibited; civil action; relief.

A. No employer or person shall discharge an **employee** solely because the **employee** intends to file or has filed a claim under this title …

B. The **employee** may bring an action in a circuit court having jurisdiction over the employer…

(emphasis added).

Va. Cd. § 65.2-101 sets forth the definitions for various terms used in Va. Cd. Title 65.2, including the term "employee." Importantly, that section specifically *excludes* railroad employees like Plaintiff from the definition of "employee" in Title 65.2. Va. Cd. § 65.2-101 states, in pertinent part:

As used in this title [Va. Cd. Title 65.2] … "Employee" shall **not** mean:

***

i. Employees of any common carrier by railroad engaging in commerce between any of the several states or territories or between the District of Columbia and any of the states or territories and any foreign nation or nations, and any person suffering injury or death while he is employed by such carrier in such commerce. …

j. Employees of common carriers by railroad who are engaged in intrastate trade or commerce. …

Va. Cd. § 65.2-101(2)(i)–(j) (emphasis added).

As a result, whether Plaintiff was an employee of CSX and NS (interstate railroads) or Belt (an intrastate railroad),[4] Plaintiff is specifically excluded by statute from the definition of "employee" in Title 65.2. With respect to CSX and NS, Plaintiff admits they are freight railroads "providing service across the Eastern United States" (Dkt. No. 18, ¶¶ 5–6), and any employment

---

[4] Again, CSX and NS deny they have ever been Plaintiff's "employer" or that he has ever been either of their "employee."

relationship with CSX and NS would therefore fall under the statutory exclusion in subparagraph (i), above. And, with respect to Belt, Plaintiff makes clear in the Amended Complaint that it is a railroad engaged in intrastate trade or commerce such that any employment relationship with Belt would fall under the statutory exclusion in subparagraph (j). (*See* Dkt. No. 18, ¶ 7).

Thus, because Va. Cd. § 65.2-308 only protects "employees" and only grants a right to bring a civil cause of action to "employees," as that term is defined in Va. Cd. § 65.2-101, Plaintiff cannot bring a cause of action under Va. Cd. § 65.2-308 – regardless of whether his employer(s) were CSX and NS or Belt. He cannot state a claim under Va. Cd. § 65.2-308 as a matter of law, and his state law claim must be dismissed.

### C. Plaintiff's Claim Under Va. Cd. § 65.2-308 Must Also Be Dismissed Because the FELA Provides the Exclusive Remedy for Injured Railroad Employees.

Plaintiff's claim under Va. Cd. § 65.2-308 must also be dismissed because it is preempted by the FELA. Plaintiff alleges his employment was controlled by CSX and NS, two Class I freight railroads. (Dkt. No. 18, ¶ 14). As Plaintiff acknowledges in his Amended Complaint, he is not eligible for workers' compensation under Va. Cd. Title 65.2. (Dkt. No. 18, ¶ 28). Indeed, rather than filing a state workers' compensation claim, injured railroad employees may only seek relief for on-duty injuries under the FELA. Railroad workers must use the FELA as their "***exclusive remedy***" for on-duty injuries. *Norfolk S. Ry. Co. v. Wilson*, 7 F. App'x 156, 157 (4th Cir. 2001) ("FELA provides the exclusive remedy for railroad workers assisting in interstate commerce."); *see also New York Cent. R.R. Co.*, 244 U.S. at 151–52 (FELA is the exclusive remedy for railroad employees); 11 Fed. Proc., L. Ed. § 30:1 ("FELA… presents the exclusive remedy in all cases coming within its terms, and supersedes all applicable state laws.").

In *Sheppard v. CSX Transp., Inc.*, for example, the Fourth Circuit Court of Appeals made clear that the FELA ***preempts*** state workers' compensation laws with respect to employees of

6

interstate rail carriers. 78 F. App'x 878, 882 (4th Cir. 2003) (citing *New York Cent. R.R. Co.*, 244 U.S. at 153). Thus, the FELA preempts Plaintiff's claim under Va. Cd. Title 65.2 as a matter of law.

For this additional reason, there can be no question that Plaintiff has failed to state a claim under Va. Cd. § 65.2-308 upon which relief can be granted, and this cause of action must be dismissed with prejudice.

### D. CONCLUSION

For the foregoing reasons, Plaintiff has failed to state a claim upon which relief can be granted under Va. Cd. Title 65.2. Accordingly, Defendants CSX Transportation, Inc. and Norfolk Southern Railway Co. respectfully request that this Court dismiss Plaintiff's cause of action under Va. Cd. Title 65.2 in his Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Dated: March 26, 2026                    Respectfully submitted,


                                         */s/ Forrest M. Via*
                                         Forrest M. Via (VSB. No. 98853)
                                         David Bowen (VSB No. 26771)
                                         Willcox Savage
                                         440 Monticello Avenue, Suite 2200
                                         Norfolk, Virginia 23510
                                         (757) 628-5500
                                         fvia@wilsav.com
                                         dbowen@wilsav.com

7

/s/ Joseph C. Devine
Joseph C. Devine (*pro hac vice* pending)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
jdevine@bakerlaw.com

*Counsel for Defendants CSX Transportation, Inc.
and Norfolk Southern Railway Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on March 26, 2026, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all parties of record.

/s/ Forrest M. Via
Forrest M. Via (VSB No. 98853)

*Counsel for Defendants CSX Transportation, Inc.
and Norfolk Southern Railway Co.*

8