**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

**ELEXANDER ADKINSON,**

    *Plaintiff,*

v.                                 **Civil Action No. 2:26-cv-71-RBS-LRL**

**CSX TRANSPORTATION, INC.,**

**NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD CO.,
and**

**NORFOLK SOUTHERN RAILWAY CORP.,**

    *Defendants.*

**DEFENDANT NORFOLK AND PORTSMOUTH BELT LINE RAILROAD CO.'S
MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS
<u>PLAINTIFF ELEXANDER ADKINSON'S AMENDED COMPLAINT</u>**

Defendant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss Plaintiff's Amended Complaint. The Belt Line moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and, to the extent Plaintiff purports to assert any remaining state-law claim, under Rules 12(b)(1) and 12(h)(3).

### <u>INTRODUCTION</u>

The Amended Complaint suffers from a straightforward pleading failure. Plaintiff invokes the Federal Railroad Safety Act, but he does not allege the protected activity that statute requires. As relevant here, the Act protects an employee who "notify[ies], or attempt[s] to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness." 49 U.S.C. § 20109(a)(4). Plaintiff does not allege a protected notice identified in 49 U.S.C. §

20109(a)(4). He alleges only that, on February 9, 2024, he filed a workers' compensation claim under Virginia Code § 65.2 and that the claim was later forwarded to Defendants. Am. Compl. ¶¶ 16-17. The fact that the claim is alleged to have been forwarded to Defendants does not retroactively convert that filing into a protected notice by the employee to the railroad under 49 U.S.C. § 20109(a)(4).

The original Complaint alleged that Defendants terminated Plaintiff upon receipt of the workers' compensation claim. While the Amended Complaint now alleges that after the claim was filed, (1) Defendants charged Plaintiff with a workplace rule violation, (2) held an internal hearing on April 25, 2024, (3) terminated him thirty days later, (4) that he filed a complaint with the Department of Labor on August 26, 2024, and (5) there was a passage of 210 days without a final order, those additional allegations do not cure the central pleading failure. They do not transform a Virginia workers' compensation filing into the distinct notice activity by the employee protected by 49 U.S.C. § 20109(a)(4). Accordingly, the FRSA claim must be dismissed for failure to state a claim.

The state-law retaliation claim under Virginia Code § 65.2-308 must also be dismissed. While Plaintiff alleges that he filed a claim under Title 65.2 (¶ 16), he expressly avers that he is not entitled to relief under that statute (¶ 28). Finally, the Amended Complaint still fails to plead facts to support diversity jurisdiction. Because the Amended Complaint is defective in all respects, it must be dismissed.

**LEGAL STANDARD**

**A.    Rule 12(b)(6) – Failure to State a Claim**

A complaint that fails to state a claim upon which relief can be granted must be dismissed. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the legal sufficiency of the complaint, not the weight of the evidence. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). To survive

2

dismissal, a plaintiff must plead enough facts to state a claim that is plausible on its face and to permit a reasonable inference that the defendant is liable under a cognizable legal theory. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

That standard does not credit legal conclusions dressed as facts. Although the Court accepts well-pleaded factual allegations as true, it need not accept conclusory assertions, formulaic recitations of the elements, or naked allegations unsupported by factual content. *Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555, 557. A plaintiff must do more than identify a statute and recite its elements. He must allege facts that bring his claim within it.

Dismissal is appropriate when the complaint's own allegations show that the claim fails as a matter of law. That includes cases in which the pleaded facts do not satisfy a statutory element, the asserted theory is legally defective, or some other bar appears on the face of the pleading. *Twombly*, 550 U.S. at 555–56; *Iqbal*, 556 U.S. at 678–79; *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

### B.      Rule 12(b)(1) – Lack of Subject-Matter Jurisdiction

A party may move to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1). Federal courts are courts of limited jurisdiction and may adjudicate only those cases within the bounds of Article III and the jurisdictional statutes enacted by Congress. *See* 28 U.S.C. §§ 1331, 1332; *Pulido v. Cuccinelli*, 497 F. Supp. 3d 79, 86 (D.S.C. 2020). If subject-matter jurisdiction is lacking, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3). Because a federal court must possess subject-matter jurisdiction before it may render a decision on the merits, jurisdictional issues must be resolved before the Court reaches the merits. *Ohio Valley Envtl. Coalition, Inc. v. Apogee Coal Co., LLC*, 531 F. Supp. 2d 747, 764 (S.D. W. Va. 2008).

The plaintiff bears the burden of establishing subject-matter jurisdiction. *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003); *Richmond, Fredericksburg &*

*Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). A Rule 12(b)(1) challenge may be either facial or factual. A facial challenge tests whether the allegations of the complaint are sufficient to invoke federal jurisdiction; in that circumstance, the Court accepts the allegations as true and does not consider materials outside the pleadings. *Pulido v. Cuccinelli*, 497 F. Supp. 3d 79, 86 (D.S.C. 2020); *Allen*, 245 F. Supp. 2d at 782-783. A factual challenge, by contrast, contests the truth of the jurisdictional allegations themselves. When presented with such a challenge, the Court may consider evidence outside the pleadings without converting the motion into one for summary judgment. *Richmond, Fredericksburg & Potomac R.R.*, 945 F.2d at 768; *Adkins v. United States*, 923 F. Supp. 2d 853, 856–57 (S.D. W. Va. 2013); *Mowery v. Nat'l Geospatial-Intelligence Agency*, 42 F.4th 428, 433-434 (4th Cir. 2022).

Because jurisdiction is a prerequisite to the exercise of federal judicial power, the Court must resolve jurisdictional defects at the outset. *Pulido*, 497 F. Supp. 3d at 86; *Ohio Valley*, 531 F. Supp. 2d at 754.

<u>**ARGUMENT**</u>

The Amended Complaint fails factually and jurisdictionally. First, Plaintiff does not state a plausible claim under the Federal Railroad Safety Act ("FRSA") because he does not allege the protected activity the statute actually covers. He pleads a Virginia workers' compensation filing later forwarded to Defendants, not the protected notice to the railroad carrier or the Secretary of Transportation required under 49 U.S.C. § 20109(a)(4). Second, Plaintiff's claim under Virginia Code § 65.2-308 fails as a matter of law because his own allegations place him outside the statute's scope. Third, Plaintiff has not adequately pleaded diversity jurisdiction, and, once the FRSA claim falls away, no independent basis for federal jurisdiction remains.

I.       **Plaintiff does not plausibly allege the protected activity required by 49 U.S.C. § 20109(a)(4).**

The FRSA does not protect every communication that touches a workplace injury. It protects the acts Congress enumerated. As relevant here, a railroad carrier may not discharge an employee because of the employee's lawful, good-faith act "to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness." 49 U.S.C. § 20109(a)(4).

That statutory text controls this case. To state a retaliation claim under the Federal Railroad Safety Act, Plaintiff must plead facts showing that he engaged in protected activity. Here, Plaintiff does not allege that he "notified, or attempted to notify, the railroad carrier or the Secretary of Transportation of a work-related injury." 49 U.S.C. § 20109(a)(4).  He alleges only that he "filed a workers' compensation claim under Va. Code Ann. § 65.2" and that "[t]he filed claim was forwarded to Defendants." Am. Compl. ¶¶ 16–17. That is not the protected activity the statute identifies.

*Kelley v. Norfolk & S. Ry. Co.* underscores why that distinction matters. 80 F. Supp. 2d 587 (S.D. W. Va. 1999). There, the court rejected the proposition that a personal-injury action filed by Kelley under the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. ("FELA"), qualifies as protected activity under the FRSA merely because it arises from a railroad injury. *Id.* at 591–92. The court held that "the distinction between the filing of a personal injury action and the reporting of a safety violation" is not "artificial," and concluded that a personal injury action under the FELA is not a protected proceeding related to railroad safety simply because it may have a secondary effect on safety. *Id.* The same reasoning applies here. Filing a state workers' compensation claim does not become protected activity under § 20109(a)(4) simply because it concerns a workplace injury and was forwarded to the railroad.

5

*McKay v. CSX Transp., Inc.* illustrates the difference. 804 F. Supp. 3d 653 (D.S.C. 2025. There, the plaintiff alleged that he injured his knee and personally "reported the injury to his trainmaster" the next morning. *Id.* at 2. In other words, the complaint in *McKay* alleged the precise act the statute protects: notice by the employee of the injury to the railroad. Here, by contrast, Plaintiff alleges no direct report at all. He alleges only a later-forwarded workers compensation claim, which is no different than the state court FELA complaint served on the railroad in *Kelley*. Section 20109(a)(4) protects the act of notification to the railroad by the employee, which the Amended Complaint fails to plead.

The original Complaint alleged that Defendants terminated Plaintiff on February 9, 2024, upon receipt of the workers' compensation claim. The Amended Complaint now alleges a subsequent accusation of a rule violation, an internal hearing on April 25, 2024, and termination thirty days later. Even if Plaintiff's allegation of a Department of Labor filing on August 26, 2024, (¶ 24) satisfies the statute's administrative gateway, it does not cure the front-end defect. The administrative scheme governs when a FRSA claim may proceed in district court. *Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 628 n.1, 630 (4th Cir. 2015). It does not excuse Plaintiff from pleading the predicate protected activity identified in § 20109(a)(4).

Plaintiff's FRSA claim described in "CAUSES OF ACTION" should therefore be dismissed.

## II.    Plaintiff pleads himself outside Virginia Code § 65.2-308.

Virginia Code § 65.2-308 creates a narrow cause of action. It prohibits an employer from discharging an employee because the employee has filed, or intends to file, a claim "under this title." Va. Code § 65.2-308(A). That limiting phrase controls. To state a claim under § 65.2-308, Plaintiff must plead facts showing that he filed, or intended to file, a claim governed by Title 65.2. If Title 65.2 does not govern the employment relationship alleged, then § 65.2-308 does not apply.

6

The Amended Complaint does not satisfy that requirement. Although Plaintiff alleges that he filed a claim under Title 65.2, he also alleges that he was not entitled to relief under that statutory scheme (¶ 28). Those allegations cannot be reconciled. A claim cannot both arise under Title 65.2 and fall outside Title 65.2.

Indeed, Title 65.2 expressly excludes railroad employment relationships from its definition of "employee":

> "Employee" shall not mean: …
> i. Employees of any common carrier by railroad engaging in commerce between any of the several states or territories or between the District of Columbia and any of the states or territories and any foreign nation or nations, and any person suffering injury or death while he is employed by such carrier in such commerce. … ."

Va. Code § 65.2-101(2)(i).

Here, Plaintiff alleges that he worked for the Belt Line, a terminal switching railroad, and that the Belt Line is owned and operated by CSX and Norfolk Southern. He further alleges that railroads are not subject to workers' compensation laws. On Plaintiff's own pleading, then, the employment relationship at issue falls outside Title 65.2.

That is dispositive. Section 65.2-308 does not float free of the statutory scheme in which it appears. It protects the filing of a claim under Title 65.2. Where Title 65.2 does not apply, § 65.2-308 supplies no cause of action. Plaintiff cannot assert a claim for relief under the statute while pleading facts that place him outside its scope.[1]

Plaintiff's Va. Code §65.2-308 claim described in "CAUSES OF ACTION" should therefore be dismissed.

---

[1] The Amended Complaint contains legal argument beyond the scope of the pleading requirements of F. R. Civ. P. 8(a), including citations to inapposite case law (¶ 29). Should Plaintiff choose to make such arguments in his Opposition to this Motion to Dismiss, the Belt Line will address them in its reply.

**III.    Plaintiff has not invoked any independent basis to keep the state-law claim in federal court.**

Federal jurisdiction must be pleaded, not presumed. Plaintiff invokes 28 U.S.C. §§ 1331, 1332, and 1367. But once the FRSA claim is dismissed, none of those provisions keep the state-law claim in this Court.

The only asserted basis for federal-question jurisdiction is Plaintiff's FRSA claim under 28 U.S.C. § 1331. If it is dismissed, Plaintiff's state-law claim must then rest on an independent jurisdictional footing.

Diversity jurisdiction under 28 U.S.C. § 1332 requires both an amount in controversy exceeding $75,000 and complete diversity between all plaintiffs and all defendants. 28 U.S.C. § 1332(a). The Amended Complaint does not allege the citizenship of any defendant. For a corporate defendant, citizenship means both the state of incorporation and the principal place of business. *Id*. § 1332(c)(1). Without those allegations, the Court cannot determine whether complete diversity exists. That omission is not technical; it is jurisdictional.

Supplemental jurisdiction under 28 U.S.C. § 1367 is not an independent source of subject-matter jurisdiction. It permits a federal court to hear related state-law claims only if they are tethered to claims within the court's original jurisdiction. 28 U.S.C. § 1367(a). If no such claim remains, § 1367 does not preserve the state-law claim. And even if the state-law claim initially traveled with the federal claim, § 1367(c)(3) permits the Court to decline supplemental jurisdiction once all claims over which it had original jurisdiction have been dismissed.

If the federal claim under the FRSA fails, the state-law claim has no independent jurisdictional basis in this Court. Plaintiff has not adequately pleaded diversity jurisdiction, and supplemental jurisdiction cannot carry a claim where original jurisdiction is absent.

8

**CONCLUSION**

Defendant Norfolk and Portsmouth Belt Line Railroad Company respectfully requests that the Court grant its Motion to Dismiss. The Court should dismiss the FRSA claim under Federal Rule of Civil Procedure 12(b)(6) because Plaintiff does not plausibly allege the protected activity required by 49 U.S.C. § 20109(a)(4). The Court should also dismiss the state-law claim under Rule 12(b)(6) because Plaintiff's own allegations place him outside the scope of Virginia Code § 65.2-308.

With no remaining independent basis for original jurisdiction, the Court should dismiss any remaining state-law claim under Rules 12(b)(1) and 12(h)(3). Alternatively, if the Court concludes that supplemental jurisdiction once existed, it should decline to exercise that jurisdiction under 28 U.S.C. § 1367(c) and dismiss the state-law claim without prejudice.

Dated: March 26, 2026                NORFOLK AND PORTSMOUTH BELT
                                     LINE RAILROAD COMPANY


By:   _s/ James L. Chapman, IV_____
      James L. Chapman, IV, VSB No. 21983
      W. Ryan Snow, VSB No. 47423
      Andrea' N. Dunlap, VSB No. 98030
      CRENSHAW, WARE & MARTIN, P.L.C.
      150 W. Main Street, Suite 1923
      Norfolk, Virginia 23510
      Telephone: (757) 623-3000
      Facsimile: (757) 623-5735
      jchapman@cwm-law.com
      wrsnow@cwm-law.com
      adunlap@cwm-law.com
      *Counsel for Norfolk and Portsmouth Belt*
      *Line Railroad Company*

9

## CERTIFICATE OF SERVICE

I certify that on this 26th day of March 2026, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

By: _s/ James L. Chapman, IV_

James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Andrea' N. Dunlap, VSB No. 98030
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*