**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

ELEXANDER ADKINSON,

        *Plaintiff*,

v.

CSX TRANSPORTATION, INC.,
NORFOLK & PORTSMOUTH BELT LINE
RAILROAD CO., AND NORFOLK
SOUTHERN RAILWAY CORP.,

        *Defendants*.

Case No.: 2:26-cv-00071-RBS-LRL

**DEFENDANTS CSX TRANSPORTATION, INC. AND NORFOLK SOUTHERN
RAILWAY CO.'S REPLY IN SUPPORT OF PARTIAL MOTION
TO DISMISS PLAINTIFF'S AMENDED COMPLAINT**

### I.      INTRODUCTION

Plaintiff is attempting to expand the scope of Va. Code Ann. Title 65.2 to allow any person who files any type of workers' compensation claim to pursue a cause of action for retaliation under Va. Code Ann. § 65.2-308, regardless of the statutory limitation in Title 65.2. (*See* Dkt. No. 25). The only question is whether Plaintiff is an "employee" as defined by Title 65.2 and is therefore able to pursue a cause of action under Va. Code Ann. § 65.2-308. Based on the plain language of Title 65.2, the answer is unequivocally "no."

Plaintiff's proffered statutory interpretation stands in direct contrast to the text of Title 65.2. Plaintiff concedes, as he must, that Virginia workers' compensation scheme under Title 65.2 is inapplicable to him and that the Federal Employers' Liability Act, 45 U.S.C. § 51 *et seq.* ("FELA") is the exclusive source of compensation for his alleged workplace injury. (Dkt. No. 25 at 9, 11). Yet, in an effort to save his inapplicable state law claim, Plaintiff attempts to separate Plaintiff's

SDT-TPMG00025

inability to seek compensation under Title 65.2 from his ability to sue under Title 65.2's anti-retaliation provision. There is no basis under the statute or Virginia case law for this distinction in light of the clear dictate of the statute.  Accordingly, and for the reasons set forth in CSX and NS's opening brief, CSX and NS respectfully request that the Court dismiss Plaintiff's claim under Va. Code Ann. § 65.2-308 with prejudice.

## II.    LAW AND ARGUMENT

### A.  Plaintiff Is Excluded from the Statutory Definition of "Employee" Under Va. Code Ann. Title 65.2 and Therefore Cannot Bring a Cause of Action Under that Title as a Matter of Law.

Plaintiff's claim under Va. Code Ann. § 65.2-308 fails for one simple reason: Plaintiff is excluded from the definition of "employee" under Title 65.2. That section states, in pertinent part, "[t]he **employee** may bring an action in a circuit court having jurisdiction over the employer…." VA. CODE ANN. § 65.2-308(B) (emphasis added). The plain language of the statute unambiguously states that the only person who has recourse under Va. Code Ann. § 65.2-308 is an "employee." Importantly, "employee" is a defined term under Title 65.2, and its definition specifically excludes interstate railroad employees such as Plaintiff – as Plaintiff himself admits. *See* VA. CODE ANN. § 65.2-101(2)(i). Because Plaintiff is not an "employee" as defined in Title 65.2, he cannot bring an action under Va. Code Ann. § 65.2-308(B) and his claim fails as a matter of law.

Plaintiff attempts to cloud this straightforward determination by raising irrelevant arguments and addressing points of law that were never presented by CSX and NS. Plaintiff attempts to circumvent the fatal, definitional truth of his exclusion through a made up "distinction" between compensation and retaliation. But Va. Code Ann. § 65.2-101 contains definitions for terms "[a]s used in this title," meaning the *entirety* of Title 65.2, not merely the provisions of Title 65.2 that relate to compensation for the underlying injury. The deficiency in Plaintiff's § 65.2-308 cause

SDT-TPMG00026

of action is not with Plaintiff's *claim*, it is with Plaintiff **himself**: Plaintiff is not an "employee" as the term is used in § 65.2-308. Only an employee may bring an action pursuant to the section.

In addition, Plaintiff's assertion that *Lee v. Norfolk Southern Railway Co.* supports his argument is absurd. 802 F.3d 626 (4th Cir. 2015). Plaintiff attempts to cite *Lee* to support his proposition that there is a distinction between a workplace injury and a later retaliatory termination. (Dkt. No. 25 at 11). However, the holding in *Lee* has nothing to do with the issues at bar. *Lee* concerns the election of remedies provision found in § 20109(f) of the Federal Railroad Safety Act, 49 U.S.C. § 20109 ("FRSA"), an issue that falls wholly outside the scope of CSX and NS's opening brief. *Id.* at 631–32. Thus, *Lee* is inapposite and offers no support for Plaintiff's argument.[1]

For all these reasons, it is clear that Plaintiff cannot state a claim under § 65.2-308, and his state law cause of action must be dismissed.

### B. Plaintiff's "Trap Door" Argument Does Not Change Clear Statutory Language that Excludes Him from Title 65.2's Coverage.

Plaintiff argues that excluding him from coverage under Virginia's anti-retaliation provision would create a "trap door" that allows a railroad to wait until it receives an employee's state workers' compensation claim (that the railroad employee does not have a statutory right to file), then terminate the employee for late reporting of the underlying injury, leaving the employee without recourse for alleged retaliation. This hypothetical is not contemplated by the statute.

In drafting Va. Code Ann. § 65.2-308(B) the Virginia Legislature intentionally chose to limit those who may bring an action in court to statutorily defined "employees." The Legislature specifically decided to define the term "employee" in Title 65.2 to *exclude* interstate and intrastate

---

[1] Though beyond the scope of this brief, Defendants CSX and NS disagree with Plaintiff's reading and interpretation of *Murray v. UBS Sec., LLC*, 601 U.S. 23, 144 S. Ct. 445, 217 L. Ed. 2d 343 (2024) in footnote 1 of his response.

3

SDT-TPMG00027

railroad employees such as Plaintiff. The Legislature likely knew that interstate railroad employees were covered by FELA and the FRSA, so excluded them for that reason alone. Regardless, these choices by the Legislature (for whatever reason) are well within its power and must be respected. When drafting any statute, both state and federal governments must exercise their authority to determine which specific individuals or entities may bring a claim under a particular statute. Not every statute will grant every individual access to the courts to pursue a claim, and that does not mean the statute requires a broader interpretation. The Virginia Legislature intentionally drafted Title 65.2 to exclude Plaintiff from the statute's coverage, and Plaintiff's subjective belief about how the Title should operate cannot overcome the Legislature's clear intent.

### III.    CONCLUSION

For the foregoing reasons and those set forth in CSX and NS's opening brief, Plaintiff has failed to state a claim upon which relief can be granted under Va. Code Ann. Title 65.2. Accordingly, Defendants CSX Transportation, Inc. and Norfolk Southern Railway Co. respectfully request that this Court dismiss Plaintiff's cause of action under Va. Code Ann. Title 65.2 in his Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6) with prejudice.

Dated: April 15, 2026                          Respectfully submitted,


*/s/ Forrest M. Via*
Forrest M. Via (VSB. No. 98853)
David Bowen (VSB No. 26771)
Willcox Savage
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500
fvia@wilsav.com
dbowen@wilsav.com

4

SDT-TPMG00028

*/s/ Joseph Devine*
Joseph C. Devine (*pro hac vice* pending)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
jdevine@bakerlaw.com

*Counsel for Defendants CSX Transportation, Inc.*
*and Norfolk Southern Railway Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2026, a copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all parties of record.

*/s/ Forrest M. Via*
Forrest M. Via (VSB No. 98853)

*Counsel for Defendants CSX Transportation, Inc.*
*and Norfolk Southern Railway Co.*

5

SDT-TPMG00029