**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

ELEXANDER ADKINSON,

    *Plaintiff*,

v.                                                          **Civil Action No. 2:26-cv-71-RBS-LRL**

CSX TRANSPORTATION, INC.,

NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD CO.,
and

NORFOLK SOUTHERN RAILWAY CORP.,

    *Defendants*.

**DEFENDANT NORFOLK AND PORTSMOUTH BELT LINE RAILROAD CO.'S**
**REPLY IN SUPPORT OF ITS MOTION TO DISMISS**
**PLAINTIFF'S AMENDED COMPLAINT**

Defendant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, respectfully submits this Reply in Support of its Motion to Dismiss Plaintiff's Amended Complaint. The Belt Line moves to dismiss the Amended Complaint under Federal Rule of Civil Procedure 12(b)(6) and, to the extent Plaintiff purports to assert any remaining state-law claim, under Rules 12(b)(1) and 12(h)(3).

**INTRODUCTION**

Plaintiff's Opposition does not cure the defect identified in the Belt Line's opening Memorandum. Plaintiff's federal claim still fails because the Amended Complaint does not plead the protected activity the Federal Railroad Safety Act ("FRSA") requires. As relevant here, the statute protects an employee who notifies, or attempts to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or illness. Plaintiff alleges no such act. He

alleges only that a workers' compensation claim was filed with the Virginia Workers' Compensation Commission and later forwarded to Defendants.

That distinction is dispositive. The statute protects notice by the employee, not later receipt by the railroad from a third party. Plaintiff's Opposition tries to collapse those two concepts, arguing that because the filing reached Defendants and allegedly triggered discipline, it necessarily qualifies as protected notice. But an employer's receipt of information is not the same as an employee's act of notifying, or attempting to notify, the railroad. Nor can later forwarding retroactively convert a filing made elsewhere into the protected conduct Congress specifically identified in 49 U.S.C. § 20109(a)(4).

Plaintiff's authorities do not bridge that gap. The nonbinding administrative decisions on which Plaintiff relies involve direct employee reporting to the railroad or additional notice supplementing an already reported injury. They do not hold that a claim filed with a third party and later transmitted to the employer constitutes the employee's own protected act under the statute.

Plaintiff's claim under Virginia Code § 65.2-308 fails for a separate and equally straightforward reason. Virginia Code § 65.2-308 protects the filing of a claim "under this title." Yet Plaintiff expressly alleges that he is not eligible for relief under Title 65.2 and that any remedy for his work-related injury lies, if at all, under the Federal Employers' Liability Act ("FELA"), 45 U.S.C. §§ 51 *et seq.*. Having pleaded himself outside the Virginia statutory scheme, Plaintiff cannot invoke its anti-retaliation provision.

The Opposition therefore reframes the same allegations, but it does not cure the same pleading defects. Because Plaintiff still has not alleged protected activity under the FRSA and still pleads facts placing himself outside Title 65.2, the Amended Complaint should be dismissed.

## ARGUMENT

I.   **Plaintiff's FRSA claim fails because § 20109(a)(4) protects only the employee's own act of notifying, or attempting to notify, the railroad carrier or the Secretary of Transportation, and the Amended Complaint alleges no such act.**

Section 20109(a)(4) governs Plaintiff's FRSA claim. The FRSA protects an employee's lawful, good-faith act "to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury or work-related illness." 49 U.S.C. § 20109(a)(4). That text fixes the actor, the act, and the recipients. To state a claim, Plaintiff therefore must plead facts showing that he engaged in that protected act. The Belt Line's opening Memorandum rested on that straightforward proposition, and Plaintiff's Opposition does not cure the defect it identified.

The Amended Complaint still alleges only that, on February 9, 2024, Plaintiff filed a workers' compensation claim under Virginia Code § 65.2 and that "[t]he filed claim was forwarded to Defendants." (ECF 18 ¶¶ 16–17). It does not allege that Plaintiff notified the Belt Line, attempted to notify the Belt Line, sent the Belt Line a courtesy copy, directed that the Belt Line receive the filing, or notified or attempted to notify the Secretary of Transportation. As pleaded, the transmission is by a third party, not by Plaintiff. That is the defect. The statute protects the employee's act of notice, not later receipt of information by the railroad from some other source.

Plaintiff's reliance on the phrase "done, or perceived by the employer to have been done" does not cure the defect. That phrase does not dispense with the requirement that Plaintiff plead a covered act under § 20109(a)(4). It addresses the employer's perception of the employee's protected conduct; it does not transform receipt of information from another source into the employee's own act of notifying, or attempting to notify, the railroad. At most, Plaintiff alleges that Defendants received the claim. But employer awareness of a filing is not the same as employer perception that Plaintiff engaged in the protected act the statute identifies: notification, or attempted notification, by the employee to the railroad. Plaintiff's Opposition collapses those

3

distinct concepts, arguing that the filing "functioned as an attempt to notify Defendants" or that Defendants "perceived it that way." (ECF 25 p. 6). That theory does not satisfy the statute's threshold requirement of notice by the employee to the railroad, which Plaintiff does not plead.

The authorities cited in the Belt Line's opening memorandum are dispositive. In *Kelley v. Norfolk & Southern Railway Co.*, the court rejected the proposition that an injury-related legal filing becomes protected activity under the FRSA simply because it concerns a railroad injury. 80 F. Supp. 2d 587, 591–92 (S.D. W. Va. 1999). And in *McKay v. CSX Transportation, Inc.*, by contrast, the plaintiff allegedly "reported the injury to his trainmaster" — that is, he pleaded the direct employee notice the statute protects. 804 F. Supp. 3d 653, 655 (D.S.C. 2025). Here, Plaintiff alleges no comparable act. He alleges only a filing made elsewhere and later forwarded to Defendants. That is why the Belt Line's Motion to Dismiss should be granted.

Plaintiff's cited Administrative Review Board ("ARB") decisions do not bridge the pleading gap.[1] They also arise in a materially different procedural setting. As one Department of Labor administrative law judge recently explained, administrative cases proceed under a more informal pleading regime than Rule 12(b)(6) in federal court; in that setting, a complaint need only give "fair notice," and dismissal ordinarily should not occur before the complainant has an opportunity to supply additional facts. *Larson, Genevieve v. Family Dollar 8760*, No. 2025-SOX-00010, at 2–3 (OALJ July 15, 2025).[2]

---

[1]     To the extent Plaintiff relies on decisions of the Department of Labor's Administrative Review Board, those decisions are not binding on this Court. *See* 49 U.S.C. § 20109(d)(3) (authorizing "an original action at law or equity for de novo review in the appropriate district court"); *Stone v. Instrumentation Lab. Co.*, 591 F.3d 239, 247 (4th Cir. 2009) (de novo review requires the district court to adjudicate the matter anew, without deference to prior administrative decisions). At most, such decisions may be considered for whatever persuasive value the Court finds appropriate.

[2]     The *Larson* order appears in Lexis under the header "*Larson, Genevieve v. Family Dollar 8760*," identified as a Department of Labor, Office of Administrative Law Judges decision dated

4

Moreover, those administrative decisions do not answer the narrower question presented here: whether Plaintiff's Amended Complaint plausibly alleges the protected act required by 49 U.S.C. § 20109(a)(4) under Rule 12(b)(6).

*LeDure v. BNSF Ry. Co.* did not decide the threshold issue presented here.[3] The ARB there was not deciding whether the FELA litigation itself constituted notice or attempted notice in the first instance. LeDure had already given protected notice to BNSF in a September 2008 injury report and, based on BNSF's admission, the ARB treated the later-filed FELA litigation as providing "more specific notification of the nature and extent" of that earlier reported injury. *LeDure v. BNSF Ry. Co.*, ARB No. 13-044, ALJ No. 2012-FRS-020, 2015 DOL Ad. Rev. Bd. LEXIS 50, at *8–10 (ARB June 2, 2015). *LeDure* is therefore inapposite. Regardless of BNSF's reasons in *LeDure* for acknowledging that the FELA litigation constituted supplemental notice under § 20109(a)(4), the ARB did not decide or even consider whether a claim filed with a third party and later transmitted to the railroad constitutes the employee's own protected act under the FRSA.

*Henderson v. Wheeling & Lake Erie Ry.* is likewise inapposite. There, the ARB stated that, "[f]or purposes of this appeal," it would "assume without deciding" that Henderson's reports of the air bag injury and back injury were protected activity. *Henderson v. Wheeling & Lake Erie Ry.*, ARB No. 11-013, ALJ No. 2010-FRS-012, 2012 DOL Ad. Rev. Bd. LEXIS 106, at *22 (ARB Oct. 26, 2012). The opinion then describes multiple direct communications by Henderson to the

---

July 15, 2025, in Case No. 2025-SOX-00010. Lexis does not appear to assign a reporter citation to that decision. A Lexis permalink is available at: https://plus.lexis.com/api/permalink/ab4cb5a6-2d89-4e69-8859-15ecc2f1466a/?context=1530671. (last accessed Apr. 14, 2026).

[3] Oddly, Plaintiff incorrectly states that *LeDure* is a case "which Belt Line cites." (ECF 25 p. 7). It is not. No Defendant cited *LeDure* in support of dismissal. (ECF 19; ECF 20; ECF 22 at 5–6).

railroad: Henderson reported the air bag incident to his supervisor, later reported the cause of his injury to the railroad's benefits consultant, complained directly to his supervisor about back pain caused by work conditions, and told human resources that his back pain resulted from riding in poorly maintained trucks. *Id.* at \*2–4. Whatever else *Henderson* may say about causation where direct employee reporting exists, it does not support Plaintiff's theory here. Plaintiff alleges no comparable direct report. He alleges only a workers' compensation claim later forwarded by another entity. *Henderson* involved direct employee communications to the railroad, not third-party transmittal, and it does not resolve the Rule 12(b)(6) pleading question presented here.[4]

At bottom, Plaintiff's policy rhetoric does not displace the statute's text. His argument is that Defendants cannot treat the filing as sufficient to trigger discipline but insufficient to qualify as protected notice. But that is a policy objection to the line Congress drew in § 20109(a)(4). The question on a Rule 12(b)(6) motion is not whether the filing mattered in Plaintiff's narrative; it is whether Plaintiff pleaded the protected act Congress specified. He did not. Plaintiff's own Opposition makes clear that his theory depends on treating a filing that was "forwarded to Defendants" as the equivalent of employee notice. (ECF 25 pp. 2, 6, 8). The statute says more, and the pleading alleges less.

Accordingly, Plaintiff's FRSA claim described in "CAUSES OF ACTION" should be dismissed.

---

[4]     Though not germane to the Motion to Dismiss, the Belt Line does not agree with Plaintiff's interpretation of *Murray v. UBS Sec., LLC*, 601 U.S. 23, 144 S. Ct. 445, 217 L. Ed. 2d 343 (2024). (ECF 25 p. 7 n.1).

II.    **Plaintiff's claim under Virginia Code § 65.2-308 fails as a matter of law because the statute protects only a claim filed 'under this title,' and Plaintiff's own allegations place him outside Title 65.2.**

Plaintiff's claim under Virginia Code § 65.2-308 fails for a separate and straightforward reason. Virginia Code § 65.2-308 does not create a freestanding retaliation claim untethered from the Virginia Workers' Compensation Act. It provides that "[n]o employer or person shall discharge an employee solely because the employee intends to file or has filed a claim *under this title*." Va. Code § 65.2-308(A) (emphasis added). That limiting language controls. To state a claim under § 65.2-308, Plaintiff must plead facts showing that he filed, or intended to file, a claim governed by Title 65.2. He has not done so.

Instead, Plaintiff pleads the opposite. The Amended Complaint expressly alleges that he "is not actually eligible for workers' compensation under Va. Code § 65.2" and is "instead entitled to seek compensation for work-related injuries under the Federal Employers Liability Act (FELA), 45 U.S.C. §§ 51 et seq." (ECF 18 ¶ 28). That allegation is fatal to Plaintiff's claim under Virginia Code § 65.2-308. A claim cannot both arise "under this title" and, at the same time, fall outside the title's coverage. Plaintiff cannot invoke § 65.2-308 while expressly pleading that Title 65.2 does not govern his claim.

The definitional provisions of Title 65.2 confirm the point. Section 65.2-101 provides that, as used in Title 65.2, "employee" does not include "[e]mployees of any common carrier by railroad" engaged in interstate commerce or "[e]mployees of common carriers by railroad who are engaged in intrastate trade or commerce." Va. Code § 65.2-101(2)(i), (j). Under Plaintiff's own pleading, he worked for a railroad. He alleges that Norfolk and Portsmouth Belt Line Railroad is a terminal switching railroad owned and operated by CSX and Norfolk Southern. (ECF 18 ¶¶ 7, 10, 14). Whether Plaintiff attempts to characterize the employment relationship as tied to the Belt

7

Line or to CSX and Norfolk Southern, his own allegations place him within railroad employment that Title 65.2 expressly excludes. Section 65.2-308 therefore does not apply.

Plaintiff's Opposition attempts to avoid that defect by separating the underlying injury remedy from the later retaliation claim. But the text of § 65.2-308 does not permit that move. The statute protects only the filing of a claim "under this title." That phrase cannot be read out of the statute. Plaintiff cannot manufacture § 65.2-308 protection by filing into a statutory regime that, by his own allegations, does not govern him.

Nor does the FELA cure the defect. Plaintiff concedes that, if he has any substantive remedy for the underlying workplace injury, it lies under FELA rather than Virginia's workers' compensation scheme. (ECF 18 ¶ 28). And the authorities cited in the co-defendants' memorandum confirm that FELA provides the exclusive remedy for injured railroad workers. *New York Cent. R.R. Co. v. Winfield*, 244 U.S. 147, 151–52 (1917); *Norfolk S. Ry. Co. v. Wilson*, 7 F. App'x 156, 157 (4th Cir. 2001); *Sheppard v. CSX Transp., Inc.*, 78 F. App'x 878, 882 (4th Cir. 2003). That point reinforces, rather than resolves, the statutory problem. Plaintiff alleges a railroad employment relationship governed, if at all, by FELA, while attempting to invoke an anti-retaliation provision that applies only to a claim filed "under" a state law that excludes railroad employees from its coverage.

Nor does Plaintiff's reliance on *Lee v. Norfolk Southern Railway Co.* alter that conclusion. 802 F.3d 626, 636 (4th Cir. 2015). *Lee* addressed the FRSA's election-of-remedies provision, 49 U.S.C. § 20109(f), not whether a plaintiff who pleads himself outside Title 65.2 may nevertheless invoke Virginia Code § 65.2-308. *Id*. at 631–36. Even if the underlying workplace injury and the later termination are distinct alleged wrongs, Section 65.2-308 still protects only an employee who

8

files a claim "under this title," and Plaintiff expressly alleges that Title 65.2 does not govern him. (ECF 18 ¶ 28). *Lee* is therefore inapposite.

Plaintiff's policy objection fares no better here than it does under Plaintiff's FRSA claim. His argument is that Defendants should not be permitted to respond to a Virginia workers' compensation filing and then deny that the filing carries protection under Virginia law. But § 65.2-308 does not turn on whether a filing triggered an employer response. It turns on whether the employee filed a claim "under this title." Plaintiff's own allegations answer that question in the negative. The Court's task is to apply the statute as written, not to enlarge it to provide a remedy that the law expressly excludes for railroad employees.

Plaintiff's claim under Virginia Code § 65.2-308 therefore fails on the face of the Amended Complaint. Because Plaintiff expressly alleges that he is not eligible for workers' compensation under Title 65.2, and because Title 65.2 excludes railroad employees from the definition of "employee," Plaintiff cannot invoke § 65.2-308 as a matter of law.

### III.     If Plaintiff's FRSA claim is dismissed, no independent basis remains to keep Plaintiff's claim under Virginia Code § 65.2-308 in Federal Court.

Plaintiff bears the burden of establishing subject-matter jurisdiction. *Allen v. Coll. of William & Mary*, 245 F. Supp. 2d 777, 782 (E.D. Va. 2003); *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). And if subject-matter jurisdiction is lacking, dismissal is mandatory. Fed. R. Civ. P. 12(h)(3). Here, if Plaintiff's FRSA claim is dismissed, Plaintiff has not identified any adequately pleaded, independent basis to keep Plaintiff's claim under Virginia Code § 65.2-308 in this Court.

The Amended Complaint invokes both 28 U.S.C. §§ 1331 and 1332. (ECF 18 ¶ 8). But only Plaintiff's FRSA claim supplies federal-question jurisdiction, and the Amended Complaint does not adequately plead diversity jurisdiction as it fails to allege the citizenship of any Defendant.

9

For a corporate defendant, citizenship means both the state of incorporation and the principal place of business. 28 U.S.C. § 1332(c)(1). Without those allegations, the Court cannot determine whether complete diversity exists.

Nor does supplemental jurisdiction solve the problem. Supplemental jurisdiction under 28 U.S.C. § 1367 is not an independent source of subject-matter jurisdiction. It permits a federal court to hear related state-law claims only when they are tethered to a claim within the Court's original jurisdiction. Once no such claim remains, § 1367 does not preserve Plaintiff's claim under Virginia Code § 65.2-308.

Accordingly, if Plaintiff's FRSA claim is dismissed, Plaintiff's claim under Virginia Code § 65.2-308 has no adequately pleaded, independent jurisdictional basis in this Court. The Court should therefore dismiss that claim under Rules 12(b)(1) and 12(h)(3). Alternatively, if the Court concludes supplemental jurisdiction once existed, it should decline to exercise that jurisdiction and dismiss Plaintiff's claim under Virginia Code § 65.2-308 without prejudice under 28 U.S.C. § 1367(c).

## CONCLUSION

For these reasons, the Belt Line respectfully requests that the Court grant its Motion to Dismiss: dismiss Plaintiff's FRSA claim under Rule 12(b)(6), dismiss Plaintiff's claim under Virginia Code § 65.2-308 under Rule 12(b)(6), and dismiss any remaining state-law claim under Rules 12(b)(1) and 12(h)(3) for lack of jurisdiction or, alternatively, without prejudice under 28 U.S.C. § 1367(c).

Dated: April 15, 2026                    NORFOLK AND PORTSMOUTH BELT
                                         LINE RAILROAD COMPANY

                                         By: _s/ James L. Chapman, IV_
                                              James L. Chapman, IV, VSB No. 21983

W. Ryan Snow, VSB No. 47423
Andrea' N. Dunlap, VSB No. 98030
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt
Line Railroad Company*

## CERTIFICATE OF SERVICE

I certify that on this 15th day of April 2026, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

By: ___*s/ James L. Chapman, IV*___
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Andrea' N. Dunlap, VSB No. 98030
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt
Line Railroad Company*

11