UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Norfolk Division

ELEXANDER ADKINSON,

        Plaintiff,

    v.                            CIVIL NO. 2:26-cv-71

CSX TRANSPORTATION INC.,
NORFOLK & PORTSMOUTH BELT LINE
RAILROAD CO., and
NORFOLK SOUTHERN RAILWAY CO.,

        Defendants.

## MEMORANDUM ORDER

This matter comes before the court on two (2) motions filed on March 26, 2026: (1) Defendants CSX Transportation, Inc. ("CSX") and Norfolk Southern Railway Co.'s ("Norfolk Southern") Partial Motion to Dismiss Plaintiff's Amended Complaint, ECF No. 19 ("CSX's Partial Motion"),[1] and (2) Defendant Norfolk and Portsmouth Belt Line Railroad Co.'s ("Belt Line") Motion to Dismiss, ECF No. 21 ("Belt Line's Motion"). The parties waived a hearing on CSX's Partial Motion. ECF Nos. 28, 29. Belt Line requested a hearing on its Motion. ECF No. 30.

---

[1] In CSX's Partial Motion, Defendants note that "Plaintiff incorrectly named Norfolk Southern Railway <u>Corp.</u> as a Defendant in this matter. The correct legal entity is Norfolk Southern Railway <u>Co.</u>" ECF No. 20 at 1 n.1 (emphases added). Accordingly, the Clerk is **DIRECTED** to correct the docket and recaption this matter under the correct entity name for Norfolk Southern Railway Co. <u>See</u> Fed.R.Civ.P. 60(a).

## I. FACTUAL AND PROCEDURAL BACKGROUND[2]

Plaintiff Elexander Adkinson worked for Belt Line, a terminal switching railroad company, in early 2024. See ECF No. 18 ¶¶ 7, 14, 16 (Amended Complaint). Belt Line is owned and operated by CSX and Norfolk Southern, both of which are national freight railroad companies. Id. ¶¶ 5-6, 10. Officers at CSX and Norfolk Southern are responsible for managing employees and supervising work performance at Belt Line. Id. ¶ 12.

On February 9, 2024, Plaintiff filed a workers' compensation claim under Virginia Code § 65.2. Id. ¶ 16. Thereafter, "[t]he filed claim was forwarded to Defendants," who responded by accusing Plaintiff of violating workplace policy for failing to report his injury sooner. Id. ¶ 17. Defendants held an internal hearing on Plaintiff's alleged workplace rule violation on April 25, 2024. Id. ¶¶ 17-20. He was terminated thirty (30) days later. Id. ¶ 21.

In accordance with the procedures under the Federal Railroad Safety Act ("FRSA"), see 49 U.S.C. § 20109(d),[3] Plaintiff filed a complaint with the Department of Labor on August 26, 2024, alleging that he had been discharged for reporting a workplace injury, in

---

[2] For purposes of ruling on a motion to dismiss, the court must draw the alleged facts from the complaint, accept them as true, and view them in the light most favorable to the non-moving party; here, Plaintiff. See, e.g., Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008).

[3] See infra Section III.A.

2

violation of the FRSA, see ECF No. 18 ¶ 24. Because over two hundred ten (210) days passed without a final order from the Department, Plaintiff now seeks a de novo review of his claim by this court. See id. ¶ 25.[4]

Plaintiff initiated this action in this court on January 19, 2026. ECF No. 1 (Complaint). Following Defendants' motions to dismiss the Complaint, see ECF Nos. 11, 13, on March 12, 2026, Plaintiff filed the Amended Complaint, which alleges one count under the FRSA ("Count I"), and one count under Virginia Code § 65.2-308 ("Count II"), against all three Defendants, ECF No. 18 ¶¶ 36-43.[5] Plaintiff seeks monetary and equitable relief, id. ¶¶ 45-46, and demands a jury trial, id. at 1.

On March 26, 2026, CSX and Norfolk Southern jointly filed CSX's Partial Motion to Dismiss and supporting memorandum, asserting that Count II of the Amended Complaint fails to state a claim under Federal Rule of Civil Procedure 12(b)(6). ECF Nos. 19 at 1 (Motion), 20 (Memorandum).[6] Belt Line filed its Motion to

---

[4] See infra Section III.A.

[5] Neither the Complaint nor the Amended Complaint classify Plaintiff's claims as "Count I" or "Count II." Plaintiff does, however, classify each claim as such in his Response to Defendants' Motions. See ECF No. 25 at 1 ("Count I under the Federal Railroad Safety Act ('FRSA'), 49 U.S.C. § 20109, and Count II under Virginia Code § 65.2-308."). The court will likewise refer to the FRSA and state-law claims as Count I and Count II, respectively.

[6] In CSX's Partial Motion, CSX and Norfolk Southern also request that "should this Court grant a motion to dismiss filed by

Dismiss and supporting memorandum that same day, challenging Counts I and II under Rule 12(b)(6) and also challenging Count II for lack of subject matter jurisdiction under Rules 12(b)(1) and Rule 12(h)(3). ECF Nos. 21 at 1 (Motion), 22 (Memorandum).

Plaintiff filed a Response addressing both Motions on April 9, 2026. ECF No. 25. Defendants filed their respective Replies on April 15, 2026. ECF Nos. 26 (CSX and Norfolk Southern), 27 (Belt Line). On April 28, 2026, CSX and Norfolk Southern filed a Notice of Submission for Decision Without Oral Argument on CSX's Partial Motion. ECF No. 28. On May 4, 2026, CSX and Norfolk Southern filed an Amended Notice, specifying that Plaintiff's counsel conferred and agreed to submit CSX's Partial Motion for decision without oral argument. ECF No. 29. On May 6, 2026, Belt Line filed a Request for Oral Argument on its Motion. ECF No. 30.

Having been thoroughly briefed, the Motions are now ripe for judicial determination.

## II. LEGAL STANDARDS

### A. Federal Rule of Civil Procedure 12(b)(1)

A motion to dismiss under Rule 12(b)(1) must be granted if the district court lacks original subject matter jurisdiction over the action. Fed.R.Civ.P. 12(b)(1); see Fed.R.Civ.P. 12(h)(3) ("If

---

[Belt Line] . . . this Court likewise dismiss all claims against CSX and [Norfolk Southern] with prejudice on the same grounds." ECF No. 19 at 1 n.2. CSX and Norfolk Southern do not provide any substantive arguments in support of this request.

the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."). A district court has original jurisdiction over an action when, as is the case here, the well-pleaded complaint raises a question of federal law. See 28 U.S.C. § 1331. If federal question jurisdiction exists, the court has supplemental jurisdiction over any claims "so related" to the federal claim. See id. § 1367(a). But if all federal claims have been dismissed, the court may decline to exercise supplemental jurisdiction over the remaining claims. See id. § 1367(c)(3).

### B. Federal Rule of Civil Procedure 12(b)(6)

A motion to dismiss for failure to state a claim under Rule 12(b)(6) "tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a complaint "does not need detailed factual allegations," under the Rule 12(b)(6) standard, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555 (citations omitted).

## III. ANALYSIS

CSX and Norfolk Southern move to dismiss only Count II for failure to state a claim. ECF No. 19 at 1.[7] Belt Line moves to dismiss both Counts I and II for failure to state a claim, and to the extent Count I is dismissed, Belt Line also moves to dismiss Count II for lack of subject matter jurisdiction. ECF No. 21 at 1. The court will address each Count in turn.

### A. Count I: The Federal Railroad Safety Act

The FRSA prohibits railroad carriers "from discriminating against employees who engage in certain safety-related activities." Conrad v. CSX Transp., Inc., 824 F.3d 103, 107 (4th Cir. 2016); see 49 U.S.C. § 20109(a). Relevant here, the FRSA protects railroad employees from discrimination by the railroad carrier due to "the employee's lawful, good faith act done, or perceived by the employer to have been done or about to be done . . . to notify, or attempt to notify, the railroad carrier or the Secretary of Transportation of a work-related personal injury." 49 U.S.C. § 20109(a)(4).

Retaliation claims under the FRSA are subject to a statute of limitations period. An employee seeking to bring such a claim must file a complaint with the Secretary of Labor within one hundred eighty (180) days of the alleged FRSA violation. See id.

---

[7] But see supra note 6 and accompanying text.

§ 20109(d)(1), (2)(ii). If the Secretary has not issued a final decision within two hundred ten (210) days after the filing of the complaint, and if the delay is not the result of the employee's bad faith, "the statute authorizes the employee to bring an original action for de novo review in federal district court, with a right to jury trial." McKay v. CSX Transp., Inc., 804 F. Supp. 3d 653, 657 (D.S.C. 2025); see 49 U.S.C. § 20109(d)(3).

The Fourth Circuit has not set out a specific standard to assess the plausibility of a § 20109(a)(4) claim for purposes of a motion to dismiss. Cf. Conrad, 824 F.3d at 107 (outlining the prima facie case a plaintiff must establish to maintain an FRSA retaliation claim at the summary judgment stage). Nevertheless, the court here is guided by the standards governing Rule 12(b)(6) motions, which remain less stringent than those for summary judgment. See Twombly, 550 U.S. at 570 ("[On a motion to dismiss, courts] do not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face"). Thus, based on the text of the FRSA, a plaintiff plausibly states a claim under § 20109(a)(4) by alleging that (i) he exhausted his administrative remedies, (ii) he was subject to discrimination by the railroad, and (iii) the railroad's discrimination was due to (iv) the plaintiff's prior notification or attempted notification to the railroad of his work-related injury. See 49 U.S.C. § 20109(a)(4), (d).

7

Here, Belt Line does not challenge Plaintiff's allegation that he has exhausted his administrative remedies. See ECF No. 22 at 6; see, e.g., ECF No. 18 ¶¶ 24-25.[8] As to the merits of the FRSA claim, Belt Line argues that Plaintiff has not plausibly alleged that he notified or attempted to notify the railroad of his work-related injury. ECF No. 22 at 5 (citing 49 U.S.C. § 20109(a)(4)). In the Amended Complaint, Plaintiff alleges that he engaged in a protected activity under the FRSA "when he reported an injury via the workers' compensation claim he filed," ECF No. 18 ¶ 40, and that Belt Line was notified of his injury when "[t]he filed claim was forwarded to Defendants," see id. ¶ 17.

Belt Line contends that the act of filing a workers' compensation claim "does not become [a] protected activity under § 20109(a)(4) simply because it concerns a workplace injury and was forwarded to the railroad." ECF No. 22 at 5. Belt Line also argues that the allegation, as pleaded, indicates that a third party transmitted the claim, not Plaintiff. ECF No. 27 at 3. According to Belt Line, because Plaintiff did not allege that he directly notified the railroad of his work-related injury, he has not plausibly alleged a protected activity under the FRSA. Id. at 3-4.

---

[8] See supra Section I.

8

The court is not persuaded by Belt Line's arguments. First, nothing in the text of the FRSA necessitates the manner in which an employee must notify the railroad of his injury, and the court declines to read any such requirements into the statute at this juncture. See O'Hara v. Nika Techs., Inc., 878 F.3d 470, 475 (4th Cir. 2017) ("Courts are not free to read into the language of a statute what is not there, but rather should apply the statute as written." (citation modified)). Second, contrary to Belt Line's assertions, Plaintiff's allegation that his "claim was forwarded to Defendants" does not definitively mean that the transmission was done by a third party. Without discovery, there remains a question of fact as to who was involved in the transmission of the claim, as well as to what, exactly, it means for the claim to have been "forwarded" to Defendants. Drawing all reasonable inferences in Plaintiff's favor, it very well may be the case that Plaintiff forwarded the claim in an "attempt to notify" the railroad about his work-related injury. See 49 U.S.C. § 20109(a)(4); Iqbal, 556 U.S. at 678.

At this early stage of the proceedings, the court need not determine which party's explanation is more probable, only whether Plaintiff has advanced his claim "across the line from conceivable to plausible." Twombly, 550 U.S. at 570 (emphasis added); see Houck v. Substitute Tr. Servs., Inc., 791 F.3d 473, 484 (4th Cir. 2015) ("If [the plaintiff's] explanation is plausible, her complaint

9

survives a motion to dismiss under Rule 12(b)(6), regardless of whether there is a more plausible alternative explanation."). Here, Plaintiff has met that bar. He alleges that, upon being notified that he filed a workers' compensation claim due to a work-related injury, Defendants accused Plaintiff of violating a workplace policy that he states did not exist; held an internal, "perfunctory" hearing on his alleged workplace violation; and terminated his employment. See ECF No. 18 ¶¶ 16-23. For purposes of a motion to dismiss, Plaintiff has plausibly alleged that he was subject to discrimination by Belt Line for engaging in a protected activity under § 20109(a)(4). Accordingly, Belt Line's Motion to Dismiss, ECF No. 18, is **DENIED** on Count I.

### B. Count II: Virginia Code § 65.2-308

#### 1. *Subject Matter Jurisdiction*

Because Belt Line's Motion challenges Count II for failure to state a claim and for lack of jurisdiction, the court must address the latter challenge first. See Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 479-80 (4th Cir. 2005) ("[A] federal court must determine that it has subject-matter jurisdiction over the case before it can pass on the merits of that case." (citation omitted)). Belt Line's jurisdictional argument, however, is contingent on the dismissal of Count I. See ECF No. 22 at 8 ("If the federal claim under the FRSA fails, the state-law claim has no independent jurisdictional basis in this

10

Court."); see 28 U.S.C. § 1367(c)(3). Because Count I has not been dismissed, and because both Counts arise out of the same factual circumstances, which Belt Line does not contest, the court has supplemental jurisdiction over Count II. See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966); 28 U.S.C. § 1367(a). Thus, the court **DENIES** Belt Line's Motion to Dismiss, ECF No. 21, on Count II for lack of jurisdiction.

### 2. *Failure to State a Claim*

The court now proceeds to the merits of the claim. Virginia Code § 65.2-308 creates a narrow cause of action for any "employee" who is discharged by his or her employer "solely because the employee intends to file or has filed a claim under this title," such as a workers' compensation claim. Va. Code § 65.2-308(A)-(B). However, as Defendants note in their respective Motions, see ECF Nos. 20 at 4-6 (CSX's Partial Motion), 22 at 7 (Belt Line's Motion), Title 65.2 of the Virginia Code expressly excludes railroad employees like Plaintiff from its definition of "employee," as the term is used in § 65.2-308. The statute provides:

2. "Employee" shall not mean:

. . .

    i. Employees of any common carrier by railroad engaging in commerce between any of the several states or territories or between the District of Columbia and any of the states or territories and any foreign nation or nations, and any person

11

suffering injury or death while he is employed by such carrier in such commerce. . . .

j. Employees of common carriers by railroad who are engaged in intrastate trade or commerce. . . .

Va. Code § 65.2-101(2)(i),(j).

In the Amended Complaint, Plaintiff alleges that he worked for Belt Line, a terminal switching railroad involved in intrastate commerce in Virginia, see id. § 65.2-101(2)(j), and that his employment was controlled by CSX and Norfolk Southern, both of which are freight railroads engaged in interstate commerce, see id. § 65.2-101(2)(i). See ECF No. 18 ¶¶ 5-7, 10, 14. These allegations unequivocally demonstrate that Plaintiff is excluded from Title 65.2's definition of "employee." And Plaintiff even concedes as much in the Amended Complaint. See id. ¶ 28 ("[Plaintiff] is not actually eligible for workers' compensation under Va. Code § 65.2 . . . .").

Plaintiff cannot circumvent this clear statutory language. Thus, because the cause of action under § 65.2-308 is only available to "employees," and because Plaintiff is unambiguously not an "employee" under Title 65.2, he cannot state a claim for relief under its provisions. Therefore, Count II is **DISMISSED**.[9]

---

[9] Because the court concludes that Plaintiff fails to state a claim under Virginia Code § 65.2-308 based on the plain language of the statute, the court need not consider the other bases for dismissal raised by Defendants.

12

## IV. CONCLUSION

For the reasons stated herein, the court **GRANTS** CSX's Partial Motion to Dismiss, ECF No. 19, and **GRANTS in part** Belt Line's Motion to Dismiss, ECF No. 21, on Count II for failure to state a claim. Accordingly, Count II of the Amended Complaint is **DISMISSED**. On all other grounds, Belt Line's Motion to Dismiss, ECF No. 21, is **DENIED**. This case proceeds on Count I against all three (3) Defendants. Although Belt Line requested oral argument on its Motion, see ECF No. 30, upon an examination of the briefs and the record, the court determined that oral argument was unnecessary to aid in the decision process, as the facts and legal arguments were adequately presented. Thus, the court **DENIES** Belt Line's Request for Oral Argument. Id.

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to counsel for all parties of record.

**IT IS SO ORDERED.**

/s/
Rebecca Beach Smith
Senior United States District Judge

REBECCA BEACH SMITH
SENIOR UNITED STATES DISTRICT JUDGE

May 22, 2026

13