**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
*Norfolk Division*

ELEXANDER ADKINSON,

     *Plaintiff*,

v.

CSX TRANSPORTATION, INC.,
NORFOLK & PORTSMOUTH BELT
LINE RAILROAD CO., AND NORFOLK
SOUTHERN RAILWAY CO.,

     *Defendants*.

Case No.: 2:26-cv-00071-RBS-LRL

**DEFENDANTS CSX TRANSPORTATION, INC. AND NORFOLK SOUTHERN
RAILWAY CO.'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants CSX Transportation, Inc. ("CSX") and Norfolk Southern Railway Co. ("NS"),

by and through counsel, for their Answer to Plaintiff Elexander Adkinson's ("Plaintiff") Amended

Complaint (ECF No. 18) hereby state as follows:

**INTRODUCTION**

1.     Paragraph 1 of Plaintiff's Amended Complaint states legal argument and

conclusions to which no response is required. To the extent a response is required, CSX and NS

deny the allegations in Paragraph 1 of Plaintiff's Amended Complaint. Answering further, CSX

and NS deny that railroads have a financial incentive to discourage employees from reporting

injuries.

2.     Paragraph 2 of Plaintiff's Amended Complaint states legal argument and

conclusions to which no response is required. To the extent a response is required, CSX and NS

deny the allegations in Paragraph 2 of Plaintiff's Amended Complaint. Answering further, CSX

and NS deny that they have a history of retaliating against employees who report injuries.

3.      Paragraph 3 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. Further, Paragraph 3 of Plaintiff's Amended Complaint is moot, as Plaintiff's cause of action pursuant to Va. Code Ann. § 65.2 has been dismissed. To the extent a response is required, CSX and NS deny the allegations in Paragraph 3 of Plaintiff's Amended Complaint.

## PARTIES

4.      Upon information and belief, CSX and NS admit that Plaintiff resides in this District. CSX and NS deny the remaining allegations in Paragraph 4 of Plaintiff's Amended Complaint.

5.      CSX and NS admit the allegations in Paragraph 5 of Plaintiff's Amended Complaint.

6.      CSX and NS deny the allegations in Paragraph 6 of Plaintiff's Amended Complaint.

7.      CSX and NS admit that CSX and NS have ownership interests in the Norfolk and Portsmouth Belt Line Railroad, which is a terminal switching company that operates between Sewells Point and Portsmouth Marine Terminal in Virginia. CSX and NS deny the remaining allegations in Paragraph 7 of Plaintiff's Amended Complaint.

## JURISDICTION AND VENUE

8.      Paragraph 8 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. To the extent a response is required, CSX and NS deny the allegations in Paragraph 8 of Plaintiff's Amended Complaint.

9.      Paragraph 9 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, CSX and NS admit that venue is proper in this District. CSX and NS deny the remaining allegations in Paragraph 9 of Plaintiff's Amended Complaint.

## FACTUAL ALLEGATIONS

10.    CSX and NS admit that CSX and NS have ownership interests in the Norfolk and Portsmouth Belt Line Railroad. CSX and NS deny the remaining allegations in Paragraph 10 of Plaintiff's Amended Complaint.

11.    CSX and NS deny the allegations in Paragraph 11 of Plaintiff's Amended Complaint.

12.    CSX and NS deny the allegations in Paragraph 12 of Plaintiff's Amended Complaint.

13.    CSX and NS deny the allegations in Paragraph 13 of Plaintiff's Amended Complaint.

14.    CSX and NS deny the allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15.    CSX and NS are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of Plaintiff's Amended Complaint and therefore deny such allegations.

16.    CSX and NS deny the allegations in Paragraph 16 of Plaintiff's Amended Complaint.

17.    CSX and NS deny that the filed claim was forwarded to them and deny that they responded as alleged in Paragraph 17 of Plaintiff's Amended Complaint. CSX and NS are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 17 of Plaintiff's Amended Complaint and therefore deny such allegations.

18.    CSX and NS deny that they are parties to a collective bargaining agreement that covered Plaintiff's employment. CSX and NS are without knowledge or information sufficient to

3

form a belief as to the remaining allegations in Paragraph 18 of Plaintiff's Amended Complaint and therefore deny such allegations.

19. CSX and NS deny the allegations in Paragraph 19 of Plaintiff's Amended Complaint.

20. Upon information and belief, CSX and NS admit the allegations in Paragraph 20 of Plaintiff's Amended Complaint.

21. CSX and NS deny the allegations in Paragraph 21 of Plaintiff's Amended Complaint.

22. CSX and NS deny the allegations in Paragraph 22 of Plaintiff's Amended Complaint.

23. CSX and NS aver that Plaintiff was not an employee of either of them so there was no obligation for Plaintiff to report anything to either of them, and they did not apply their rules to Plaintiff. CSX and NS are without knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 23 of Plaintiff's Amended Complaint and therefore deny such allegations.

24. CSX and NS aver that at some point after his termination, Plaintiff filed an administrative complaint with the Department of Labor ("DOL"). CSX and NS deny the remaining allegations in Paragraph 24 of Plaintiff's Amended Complaint.

25. CSX and NS aver that, as of January 23, 2026, the Secretary of Labor had not issued a final decision on Plaintiff's administrative complaint with the DOL. CSX and NS deny the remaining allegations in Paragraph 25 of Plaintiff's Amended Complaint.

26.     CSX and NS are without knowledge or information sufficient to form a belief as to the allegations in Paragraph 26 of Plaintiff's Amended Complaint and therefore deny such allegations.

27.     Paragraph 27 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. Further, Paragraph 27 of Plaintiff's Amended Complaint is moot, as Plaintiff's cause of action pursuant to Va. Code Ann. § 65.2 has been dismissed.

28.     Paragraph 28 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. Further, Paragraph 28 of Plaintiff's Amended Complaint is moot, as Plaintiff's cause of action pursuant to Va. Code Ann. § 65.2 has been dismissed.

29.     Paragraph 29 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. Further, Paragraph 29 of Plaintiff's Amended Complaint is moot, as Plaintiff's cause of action pursuant to Va. Code Ann. § 65.2 has been dismissed.

30.     Paragraph 30 of Plaintiff's Amended Complaint states legal argument and conclusions to which no response is required. To the extent a response is required, CSX and NS deny the allegations in Paragraph 30 of Plaintiff's Amended Complaint.

31.     Paragraph 31 of Plaintiff's Amended Complaint states legal argument and conclusions to which no response is required. To the extent a response is required, CSX and NS deny the allegations in Paragraph 31 of Plaintiff's Amended Complaint.

32.     CSX and NS deny the allegations in Paragraph 32 of Plaintiff's Amended Complaint.

33.     CSX and NS deny the allegations in Paragraph 33 of Plaintiff's Amended Complaint, including the allegations in footnote 1 of Plaintiff's Amended Complaint.

34.     CSX and NS deny the allegations in Paragraph 34 of Plaintiff's Amended Complaint.

35.     CSX and NS deny the allegations in Paragraph 35 of Plaintiff's Amended Complaint.

## CAUSES OF ACTION

36.     Paragraph 36 of Plaintiff's Amended Complaint states legal argument and conclusions to which no response is required. To the extent a response is required, CSX and NS deny the allegations in Paragraph 36 of Plaintiff's Amended Complaint.

37.     Paragraph 37 of Plaintiff's Amended Complaint states a legal conclusion to which no response is required. To the extent a response is required, CSX and NS deny the allegations in Paragraph 37 of Plaintiff's Amended Complaint.

38.     Paragraph 38 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. Further, Paragraph 38 of Plaintiff's Amended Complaint is moot, as Plaintiff's cause of action pursuant to Va. Code Ann. § 65.2 has been dismissed.

39.     Paragraph 39 of Plaintiff's Amended Complaint states legal conclusions to which no response is required. Further, Paragraph 39 of Plaintiff's Amended Complaint is moot, as Plaintiff's cause of action pursuant to Va. Code Ann. § 65.2 has been dismissed.

40.     CSX and NS deny the allegations in Paragraph 40 of Plaintiff's Amended Complaint.

41.     CSX and NS deny the allegations in Paragraph 41 of Plaintiff's Amended Complaint.

42.     CSX and NS deny the allegations in Paragraph 42 of Plaintiff's Amended Complaint.

43.     CSX and NS deny the allegations in Paragraph 43 of Plaintiff's Amended Complaint.

## REQUEST FOR RELIEF

44.     CSX and NS deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Amended Complaint.

45.     CSX and NS deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Amended Complaint.

46.     CSX and NS deny that Plaintiff is entitled to any of the relief requested in Plaintiff's Amended Complaint.

## FIRST DEFENSE

47.     CSX and NS deny each and every allegation and averment contained in Plaintiff's Amended Complaint that has not been specifically and expressly admitted as true herein.

## SECOND DEFENSE

48.     CSX and NS deny that they violated the FRSA, or any other federal, state, or local law or regulation.

## THIRD DEFENSE

49.     Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

## FOURTH DEFENSE

50.     Plaintiff's claim fails because Plaintiff did not report an injury in good faith and therefore did not engage in any protected conduct under the FRSA.

## **FIFTH DEFENSE**

51.     Plaintiff's claim fails because CSX and NS did not have any knowledge of Plaintiff's allegedly protected activity at the time any decision was made with respect to any alleged adverse employment action.

## **SIXTH DEFENSE**

52.     CSX and NS were not Plaintiff's employer and did not take any alleged adverse employment actions against Plaintiff. As such, CSX and NS cannot be liable with respect to Plaintiff's FRSA claim.

## **SEVENTH DEFENSE**

53.     Although CSX and NS deny taking any action against Plaintiff based upon any allegedly protected activity by Plaintiff, should a factfinder determine otherwise, CSX and NS can establish that they acted reasonably at all times and in good faith, after reasonable investigation, and on the basis of legitimate, non-discriminatory and non-retaliatory reasons toward Plaintiff, and Plaintiff has not alleged circumstances sufficient to raise the inference that his allegedly protected conduct was causally related in any legally significant way to any alleged adverse employment action.

## **EIGHTH DEFENSE**

54.     Although CSX and NS deny taking any action against Plaintiff based upon any allegedly protected activity by Plaintiff, should a factfinder determine otherwise, CSX and NS can establish their statutory defense and prove they would have taken the same actions absent any protected conduct.

8

### NINTH DEFENSE

55.     Plaintiff's claim is barred, in whole or in part, based on Plaintiff's failure to comply with the FRSA's statute of limitations.

### TENTH DEFENSE

56.     Plaintiff's claim is barred, in whole or in part, based on Plaintiff's failure to exhaust his administrative remedies. To the extent that Plaintiff seeks relief pursuant to the FRSA for allegations that were not properly submitted for investigation and review before the DOL, any such recovery is barred by Plaintiff's failure to exhaust his administrative remedies and other prerequisites to such relief.

### ELEVENTH DEFENSE

57.     To the extent the Secretary of Labor's delay in rendering a final decision on Plaintiff's claims extended beyond 210 days due to Plaintiff's bad faith, Plaintiff's claim against CSX and NS is barred by his failure to exhaust the statutory prerequisites to bringing this action in this Court and this Court therefore lacks jurisdiction over the subject matter of this action.

### TWELFTH DEFENSE

58.     Plaintiff's claim may be precluded and/or preempted by the Railway Labor Act, 45 U.S.C. § 151, *et seq*.

### THIRTEENTH DEFENSE

59.     Plaintiff's claim may be barred, in whole or in part, by the doctrine of unclean hands.

### FOURTEETH DEFENSE

60.     While denying that Plaintiff sustained the damages alleged and is not entitled to any of the relief requested in the Amended Complaint, CSX and NS allege that Plaintiff has failed

to mitigate his damages. Therefore, should CSX and NS be found liable to Plaintiff, Plaintiff's recovery of monetary damages, if any, should be diminished or barred by the proportion of damages assigned to Plaintiff's failure to mitigate. Plaintiff's alleged damages, if any, must be off-set and/or reduced by any wages, compensation, and other remuneration or benefits he has received.

## FIFTEENTH DEFENSE

61.     Plaintiff is not entitled to recover punitive damages for the allegations in his Amended Complaint. Plaintiff's claim for punitive damages violates the Fifth, Eighth, and Fourteenth Amendments of the United States Constitution. In addition, CSX and NS cannot be held liable for punitive damages stemming from the alleged violation of their employees or managers or others with whom they have a business relationship to the extent those actors failed to comply with CSX and NS policies and procedures related to anti-retaliation statutes and federal, state, and local laws and regulations. Alternatively, punitive damages are inappropriate under the facts alleged in Plaintiff's Amended Complaint.

## SIXTEENTH DEFENSE

62.     Plaintiff's claims for damages, including lost wages and benefits, are barred, in whole or in part, to the extent they would result in a double recovery by Plaintiff.

## SEVENTEENTH DEFENSE

63.     CSX and NS reserve the right to raise and/or assert additional defenses as this matter develops.

**WHEREFORE**, CSX and NS respectfully request that Plaintiff's Amended Complaint be dismissed with prejudice, that judgment be entered in favor of CSX and NS, along with reasonable

attorneys' fees and costs incurred by CSX and NS in this action, and such other and further relief

to which CSX and NS may be entitled.

Respectfully submitted,

*/s/ Forrest M. Via*

Forrest M. Via (VSB. No. 98853)
David Bowen (VSB No. 26771)
Willcox Savage
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500
fvia@wilsav.com
dbowen@wilsav.com

*/s/ Joseph C. Devine*

Joseph C. Devine (*pro hac vice* pending)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
jdevine@bakerlaw.com

*Counsel for Defendants CSX Transportation, Inc.
and Norfolk Southern Railway Co.*

## CERTIFICATE OF SERVICE

I hereby certify that on June 4, 2026, a copy of the foregoing was electronically filed

with the Clerk of Court using the CM/ECF system, which will send notice of such filing to all

parties of record.

*/s/ Forrest M. Via*

Forrest M. Via (VSB No. 98853)

*Counsel for Defendants CSX Transportation, Inc.
and Norfolk Southern Railway Co.*

11