## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### *Norfolk Division*

ELEXANDER ADKINSON,

     *Plaintiff*,

v.

CSX TRANSPORTATION, INC.,

NORFOLK AND PORTSMOUTH
BELT LINE RAILROAD CO.,
and

NORFOLK SOUTHERN RAILWAY CORP.,

     *Defendants*.

Civil Action No. 2:26-cv-71-RBS-LRL

### ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT
### NORFOLK AND PORTSMOUTH BELT LINE RAILROAD COMPANY
### TO THE AMENDED COMPLAINT

Defendant Norfolk and Portsmouth Belt Line Railroad Company ("Belt Line"), by counsel, for its Answer and Affirmative Defenses to the Amended Complaint of Elexander Adkinson ("Plaintiff" or "Adkinson"), states as follows:

By Memorandum Order entered on May 22, 2026, the Court dismissed Count II of the Complaint, Plaintiff's claim under Virginia Code § 65.2-308. The Belt Line therefore does not respond to allegations directed solely to that dismissed claim, including Paragraph 3, Paragraphs 27 through 29, Paragraphs 38 and 39, and those portions of Paragraphs 44 through 46 that seek relief under Virginia Code § 65.2-308. To the extent any such allegation is also alleged in support of Plaintiff's surviving claim under the Federal Railroad Safety Act, the Belt Line responds below. To the extent a response is deemed required to allegations directed solely to the dismissed claim, the Belt Line denies them.

To the extent any allegation in the Complaint is not expressly admitted herein, it is denied.

1.      Paragraph 1 of the Amended Complaint consists principally of legal conclusions, argument, and characterizations to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 1 of the Amended Complaint. Further answering, the Belt Line denies that railroads have a financial incentive to suppress injury reporting or to terminate employees for reporting injuries.

2.      Paragraph 2 of the Amended Complaint likewise consists of legal conclusions, argument, and characterizations to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 2 of the Amended Complaint. Further answering, the Belt Line denies that it has a history of retaliating against employees who report injuries.

3.      No response to paragraph 3 of the Amended Complaint is required for the reasons stated above. To the extent a response is deemed required, the Belt Line denies the allegations in Paragraph 3.

4.      The Belt Line lacks sufficient knowledge to admit or deny Plaintiff's present residence as alleged in Paragraph 4 of the Amended Complaint and therefore denies that allegation. The Belt Line admits that Plaintiff previously worked for the Belt Line in this District. The Belt Line denies the remaining allegations in Paragraph 4 of the Amended Complaint.

5.      The Belt Line admits the allegations in Paragraph 5 of the Amended Complaint.

6.      The Belt Line admits that Norfolk Southern Railway Company is a freight railroad providing service across the Eastern United States, including in this District, but denies that "Norfolk Southern Railway Corp." is the correct legal name of that Defendant as alleged in paragraph 6 of the Amended Complaint.

7.     The Belt Line admits that it is a terminal switching railroad operating in Virginia and that CSX Transportation, Inc. and Norfolk Southern Railway Company are its owners as alleged in Paragraph 7 of the Amended Complaint. The Belt Line denies that it is operated by its owners and denies the remaining allegations in Paragraph 7 of the Amended Complaint.

8.     Paragraph 8 states legal conclusions concerning jurisdiction to which no response is required. To the extent a response is deemed necessary, the Belt Line admits only that this Court has subject-matter jurisdiction over Plaintiff's surviving claim under the Federal Railroad Safety Act, 49 U.S.C. § 20109, and denies the remaining allegations in Paragraph 8 of the Amended Complaint.

9.     Paragraph 9 of the Amended Complaint states legal conclusions concerning venue to which no response is required. To the extent a response is deemed necessary, the Belt Line admits only that venue is proper in this District and denies the remaining allegations in Paragraph 9 of the Amended Complaint.

10.     The Belt Line admits that CSX Transportation, Inc. and Norfolk Southern Railway Company are its owners as alleged in Paragraph 10 of the Amended Complaint. The Belt Line denies the remaining allegations in Paragraph 10 of the Amended Complaint.

11.     The Belt Line denies the allegations in Paragraph 11 of the Amended Complaint and expressly avers that the Belt Line was solely responsible for establishing work schedules, rates of pay, and related terms and conditions of employment for employees of the Belt Line.

12.     The Belt Line denies the allegations in Paragraph 12 of the Amended Complaint and expressly avers that the Belt Line was solely responsible for supervising the performance of work by Belt Line employees and the hiring/firing decisions concerning its employees.

3

13.    The Belt Line denies the allegations in Paragraph 13 of the Amended Complaint as stated. The Belt Line expressly avers that employees of the Belt Line were required to comply with the Belt Line's applicable rules and policies, including Safety and General Conduct Rules. The Belt Line denies the remaining allegations in Paragraph 13 of the Amended Complaint.

14.    The Belt Line denies the allegations in Paragraph 14 of the Amended Complaint and expressly avers that Plaintiff's employment relationship was controlled by the Belt Line.

15.    The Belt Line lacks sufficient knowledge to admit or deny the allegations in Paragraph 15 of the Amended Complaint and therefore denies them.

16.    The Belt Line denies the allegation that Plaintiff filed a workers' compensation claim under Virginia Code § 65.2 on February 9, 2024. The Belt Line admits only that, on or about February 13, 2024, it became aware of claim documents signed by Adkinson dated February 9, 2024, submitted to the United States Department of Labor, Office of Workers' Compensation Programs, Division of Longshore and Harbor Workers' Compensation, asserting an alleged on-duty injury that had occurred on April 18, 2023. The Belt Line denies the remaining allegations in Paragraph 16 of the Amended Complaint.

17.    The Belt Line denies the allegation that the filed claim "was forwarded to Defendants" as vague and incomplete. The Belt Line admits only that it received notice on or about February 13, 2024 of claim documents dated February 9, 2024 that were signed by Adkinson and submitted to the United States Department of Labor, Office of Workers' Compensation Programs, Division of Longshore and Harbor Workers' Compensation, asserting an alleged on-duty injury that had occurred on April 18, 2023; that Plaintiff was thereafter charged with rule violations; and that Plaintiff was dismissed from service effective February 22. The Belt Line denies the remaining allegations in Paragraph 17 of the Amended Complaint.

4

18.     The Belt Line admits that a formal investigation was conducted pursuant to the collective bargaining agreement governing Plaintiff's employment with the Belt Line. The collective bargaining agreement speaks for itself, and to the extent Paragraph 18 of the Amended Complaint purports to characterize or summarize it, the Belt Line denies those allegations except insofar as they accurately reflect the agreement's terms. The Belt Line denies the remaining allegations in Paragraph 18 of the Amended Complaint.

19.     Paragraph 19 of the Amended Complaint consists principally of arguments, characterizations, and conclusions regarding the collective bargaining agreement, the formal investigation, and the disciplinary process, to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 19 of the Amended Complaint. Further answering, the collective bargaining agreement speaks for itself, and the Belt Line denies any characterization, paraphrase, or summary of that agreement, the investigation, or the procedures followed, except insofar as such allegations accurately reflect the governing documents and proceedings

20.     The Belt Line admits that a formal investigation was held on April 25, 2024 as alleged in Paragraph 20 of the Amended Complaint.

21.     The Belt Line denies the allegations in Paragraph 21 of the Amended Complaint and expressly avers that Plaintiff was dismissed from service effective February 22, 2024 and remained dismissed following the April 25, 2024 investigation.

22.     The Belt Line denies the allegations in Paragraph 22 of the Amended Complaint and expressly avers that the decision concerning Plaintiff's discipline or dismissal was made by an officer of the Belt Line pursuant to the Belt Line's own authority, rules, and procedures.

23.    The Belt Line denies the allegations in Paragraph 23 of the Amended Complaint and expressly avers that Plaintiff was subject to the Belt Line's Safety and General Conduct Rules, including Rule 912, and that the Belt Line determined Plaintiff failed to promptly and properly report an alleged on-duty injury and made false and/or misleading statements in connection with that matter.

24.    The Belt Line denies the allegations in Paragraph 24 of the Amended Complaint. The Belt Line expressly avers that Plaintiff was dismissed from service effective February 22, 2024, and that the Occupational Safety and Health Administration thereafter issued findings dated December 22, 2025, stating that the complaint filed by Plaintiff's representative on June 17, 2025 was untimely and was dismissed on that basis.

25.    The Belt Line denies the allegations in Paragraph 25 of the Amended Complaint. The Belt Line expressly avers that the Occupational Safety and Health Administration issued findings dated December 22, 2025, dismissing Plaintiff's administrative complaint as untimely.

26.    The Belt Line denies the allegations in Paragraph 26 of the Amended Complaint. The Belt Line expressly avers that the Occupational Safety and Health Administration issued findings dated December 22, 2025, dismissing Plaintiff's administrative complaint as untimely.

27.    No response is required for the reasons stated above. To the extent a response is deemed required, the Belt Line denies the allegations in Paragraph 27 of the Amended Complaint.

28.    No response is required for the reasons stated above. To the extent a response is deemed required, the Belt Line admits only that Plaintiff is not eligible for workers' compensation under Virginia Code § 65.2 and denies the remaining allegations in Paragraph 28 of the Amended Complaint.

6

29.     No response is required for the reasons stated above. To the extent a response is deemed required, the Belt Line denies the allegations in Paragraph 29 of the Amended Complaint.

30. Paragraph 30 of the Amended Complaint consists of arguments and legal conclusions to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 30 of the Amended Complaint. Further answering, the Belt Line denies the characterization of congressional findings alleged therein and denies that harassment of employees who report injuries is a common management practice at the Belt Line.

31. Paragraph 31 of the Amended Complaint consists of arguments and legal conclusions to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 31 of the Amended Complaint. Further answering, the Belt Line denies that it had any motive to discourage employees from reporting injuries, to blame employees for injuries, or to manufacture a reason for termination.

32. Paragraph 32 of the Amended Complaint consists of arguments and legal conclusions to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 32 of the Amended Complaint. Further answering, the Belt Line denies the characterizations in Paragraph 32 regarding its motives, practices, or reasons for disciplinary action.

33. The Belt Line denies the allegations in Paragraph 33 of the Amended Complaint, including the allegations set forth in footnote 1 of the Complaint.

34. The Belt Line denies the allegations in Paragraph 34 of the Amended Complaint.

35. Paragraph 35 of the Amended Complaint consists of arguments and legal conclusions to which no response is required. To the extent a response is deemed necessary,

the Belt Line denies the allegations in Paragraph 35 of the Amended Complaint. Further answering, the Belt Line denies that it committed any retaliatory conduct in violation of the Federal Railroad Safety Act and denies that it failed to discipline supervisors for any such conduct.

36. Paragraph 36 of the Amended Complaint consists of arguments and legal conclusions to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 36 of the Amended Complaint.

37. Paragraph 37 of the Amended Complaint consists of arguments and legal conclusions to which no response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 37 of the Amended Complaint.

38. Paragraph 38 of the Amended Complaint consists of arguments and legal conclusions and pertains to a claim that has been dismissed. No response is required. To the extent a response is deemed necessary, the Belt Line denies the allegations in Paragraph 38 of the Amended Complaint.

39. No response is required for the reasons stated above. To the extent a response is deemed required, the Belt Line denies the allegations in Paragraph 39 of the Amended Complaint.

40. The Belt Line denies the allegations in Paragraph 40 of the Amended Complaint.

41. The Belt Line denies the allegations in Paragraph 41 of the Amended Complaint.

42. The Belt Line denies the allegations in Paragraph 42 of the Amended Complaint.

43. The Belt Line denies the allegations in Paragraph 43 of the Amended Complaint.

44. Paragraph 44 of the Amended Complaint seeks relief to which no response is required. To the extent a response is deemed necessary, the Belt Line denies that Plaintiff is entitled to any of the relief requested.

45. Paragraph 45 of the Amended Complaint seeks relief to which no response is required. To the extent a response is deemed necessary, the Belt Line denies that Plaintiff is entitled to any of the relief requested.

46. Paragraph 46 of the Amended Complaint seeks relief to which no response is required. To the extent a response is deemed necessary, the Belt Line denies that Plaintiff is entitled to any of the relief requested.

## THE BELT LINE'S AFFIRMATIVE DEFENSES

1. Except as expressly admitted herein, the Belt Line denies each and every allegation of the Complaint.

2. The Belt Line denies that it violated the FRSA, or any other federal, state, or local law or regulation.

3. The Complaint fails to state a claim upon which relief can be granted against the Belt Line.

4. Plaintiff did not engage in conduct protected by the Federal Railroad Safety Act, 49 U.S.C. § 20109(a)(4), because Plaintiff did not, in good faith, notify or attempt to notify the Belt Line or the Secretary of Transportation of a work-related personal injury.

5. Plaintiff cannot establish that any protected activity, if any, was a contributing factor in any action taken by the Belt Line.

6. The actions challenged in the Complaint were taken for lawful, legitimate, and nonretaliatory reasons, including, without limitation, the Belt Line's good-faith determination that

9

Plaintiff failed to timely and properly report an alleged on-duty injury and made false and/or misleading statements in connection with that matter.

7.  If Plaintiff engaged in protected activity, which is denied, the Belt Line would have taken the same action in any event based on Plaintiff's conduct, statements, and rule violations.

8.  Plaintiff's FRSA claim is barred, in whole or in part, because Plaintiff failed timely to comply with the administrative filing requirements imposed by 49 U.S.C. § 20109(d)(2)(A), including the requirement that an administrative complaint be filed within 180 days of the alleged adverse action.

9.  Plaintiff's FRSA claim is barred, in whole or in part, because the statutory prerequisites for invoking de novo district court review were not satisfied, including the requirement that the Secretary of Labor not have issued a final decision within 210 days after the filing of the administrative complaint.

10.  Plaintiff's FRSA claim is barred, in whole or in part, to the extent Plaintiff failed properly to exhaust administrative remedies or seeks to pursue in this Court matters not fairly presented to the Department of Labor for investigation and review.

11.  Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of estoppel and unclean hands.

12.  Plaintiff's claims are barred or limited, in whole or in part, by Plaintiff's own false, misleading, inconsistent, incomplete, or otherwise disqualifying statements, submissions, and conduct, including after-acquired evidence.

13.  Any recovery sought by Plaintiff must be reduced or barred to the extent Plaintiff failed to mitigate his alleged damages, and any alleged damages are further subject to offset, reduction, and the prohibition against double recovery.

14.    Plaintiff is not entitled to punitive damages under the facts alleged or proved in this action, and any request for punitive damages is subject to all applicable statutory and constitutional limitations.

15.    Plaintiff is not entitled to recover damages or other relief except as expressly authorized by governing law, and any claimed recovery is subject to all applicable limitations on damages and relief.

16.    The Belt Line reserves the right to assert such additional defenses as may become apparent through discovery or investigation, up to and including trial.

WHEREFORE, having fully answered, the Belt Line respectfully requests the entry of judgment in its favor and against Plaintiff, an award of costs incurred in its defense, and such other and further relief as the Court deems just and proper.

Dated: June 5, 2026

NORFOLK AND PORTSMOUTH BELT
LINE RAILROAD COMPANY

By: _s/ Andrea' N. Dunlap_
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Andrea' N. Dunlap, VSB No. 98030
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com
*Counsel for Norfolk and Portsmouth
Belt Line Railroad Company*

11

**CERTIFICATE OF SERVICE**

I certify that on this 5th day of June 2026, a true copy of the foregoing was electronically filed with the Clerk of the Court using the Court's CM/ECF system, which will send a notice of electronic filing to all registered counsel of record.

By:   *s/ Andrea' N. Dunlap*
James L. Chapman, IV, VSB No. 21983
W. Ryan Snow, VSB No. 47423
Andrea' N. Dunlap, VSB No. 98030
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com
*Counsel for Norfolk and Portsmouth Belt Line Railroad Company*