**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
***Norfolk Division***

**ELEXANDER ADKINSON,**

*Plaintiff,*

v.

**CSX TRANSPORTATION, INC., NORFOLK & PORTSMOUTH BELT LINE RAILROAD CO., AND NORFOLK SOUTHERN RAILWAY CO.,**

*Defendants.*

Case No.: 2:26-cv-00071-RBS-LRL

**PROTECTIVE ORDER GOVERNING CONFIDENTIAL MATERIALS**

This matter, having come before the Court on the agreement between the parties, including the Plaintiff, Elexander Adkinson, and Defendants, Norfolk Southern Railway Co. and Norfolk & Portsmouth Belt Line Railroad Co., by and through counsel, and it appearing to the Court that:

1. The parties may be required to produce or disclose in this proceeding certain confidential documents, or things, as described below, and the disclosure of confidential material without reasonable restriction on its use may cause harm, damage, loss, or the invasion of personal privacy to the producing party or others; and

2. The parties desire entry of an order under the Federal Rules of Civil Procedure, and other applicable laws and rules, to facilitate the orderly and cost-effective discovery of relevant information while minimizing the potential for unauthorized disclosure of Confidential material.

IT IS HEREBY ORDERED that this Protective Order is entered by consent, as follows:

1. Any party to this litigation and any third party shall have the right to designate as "Confidential" and subject to this Protective Order any information, document or thing, or portion of any document or thing that contains tax filings, financial information, personal medical

information, employee personnel files, or proprietary business information defined as commercially valuable information that a party has taken reasonable steps to maintain as confidential from the public or business competitors. Examples of proprietary information would include trade secrets, internal financial information, customer lists, marketing plans and/or business strategies (*e.g.*, documents relating to sale of the property in question and Defendant's general portfolio of properties), or original training programs; and that the producing party believes in good faith to be entitled to protection under the terms of this Protective Order.

2. Any party to this litigation or any third party covered by this Protective Order, who produces or discloses any purported "Confidential" material, including without limitation any information, document, thing, interrogatory answer, admission, pleading or testimony, shall mark the same with the following or similar legend:

**"CONFIDENTIAL – Subject to Protective Order"** (herein "Confidential");

If a party produces a Confidential document in native format, the native file shall be renamed to include the confidentiality designation or be designated as such in an equally clear fashion.

3. All Confidential material shall be used by the receiving party solely for purposes of the prosecution or defense of this action and shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraphs 4 and 5, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by order of the Court.

4. Confidential material and the contents of Confidential material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and the in-house legal departments and risk management departments for the parties.

b. Outside experts or consultants retained by outside counsel for purposes of this action, provided they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel, subject to the requirements set forth below in Paragraph 9;

e. Any deponent during the course of a deposition may be shown or examined on any information, document or thing designated Confidential, provided the witness has signed a non-disclosure agreement in the form attached hereto as Exhibit A; or in the event the witness has not signed the non-disclosure agreement that the witness not be permitted to retain any confidential document after the deposition has been concluded.

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials; and

g. The parties. In the case of parties that are corporations or other business entities, “party” shall mean executives or other personnel who are required to participate in decisions with reference to this lawsuit.

h. Mock jurors, provided that they have signed a non-disclosure agreement in the form attached hereto as Exhibit A;

5. Confidential material shall be used only by individuals permitted access to it under Paragraphs 3 and 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. With respect to any depositions that involve a disclosure of Confidential material of a party to this action, a party shall have until twenty-one (21) days after receipt of the deposition transcript within which to inform all other parties that portions of the transcript are to be designated

Confidential material, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraphs 4 and 5 above and the deponent during these twenty-one (21) days, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraphs 3 and 4 above during said twenty-one (21) days. Upon being informed that certain portions of a deposition are to be designated as Confidential, all parties shall cause those portions of each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of those portions of the transcript in accordance with Paragraphs 2, 3, and 4.

7. If counsel for a party receiving documents or information designated as Confidential hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection.

b. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days, and shall state with particularity the grounds for asserting that the document or information is Confidential.

c. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or third party makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

d. If a dispute as to the Confidential designation of a document or item of information cannot be resolved by agreement, the proponent of the designation being challenged shall present the dispute to the Court in accordance with the applicable Federal Rules of Civil Procedure.

The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

Any party wishing to submit any Confidential material to the Court (the "Submitting Party") must ensure that the Confidential material is filed under seal and all requests to seal documents filed with the Court shall comply with the applicable rules. The Submitting Party will note that the filed document has been marked as Confidential, but it is ultimately the responsibility of the party who made the designation to argue for Confidential Treatment.

8. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed or as to any other material or information concerning the same or related subject matter. Such inadvertent or unintentional disclosure may be rectified by notifying in writing counsel for all parties to whom the material was disclosed that the material should have been designated Confidential. Such notice shall constitute a designation of the information, document or thing as Confidential under this Protective Order.

9. This Protective Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Protective Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms.

10. This Protective Order shall survive the termination of this action and shall remain in full force and effect unless modified by an order of this Court or by the written stipulation of the parties filed with the Court.

11. Where a disclosing party in good faith determines that confidential material is so highly sensitive that it requires a heightened level of protection, the parties may meet and confer

to determine if this Protective Order should be amended to include a provision for marking documents as "Confidential / Attorneys' Eyes Only."

12. Not later than 120 days after conclusion of this litigation and any appeal related to it, any Confidential material, all reproductions of such Confidential material in the possession of any of the persons specified in Paragraphs 3 and 4 shall be returned to the producing party or destroyed, except as this Court may otherwise order or to the extent such Confidential material has been used as evidence at any trial or hearing. Notwithstanding this obligation to return or destroy such Confidential material, counsel may retain their working file as may be required by their malpractice insurer, but any Confidential material contained therein will remain subject to the terms of this Order.

SO ORDERED this ________ day of ___________________ 2026

________________________________
JUDGE

WE ASK FOR THIS:

*/s/ Nicholas D. Thompson*
Nicholas D. Thompson (VSB No. 92821)
Kathryn E. Averwater (admitted PHV)
Casey Jones Law
323 North Washington Avenue, Suite 200
Minneapolis, MN 554013520
(612) 293-5249
nthompson@caseyjones.law
kaverwater@caseyjones.law

*Counsel for Plaintiff Elexander Adkinson*

*/s/ Forrest M. Via*
Forrest M. Via (VSB No. 98853)
David Bowen (VSB No. 26771)
Willcox Savage
440 Monticello Avenue, Suite 2200
Norfolk, Virginia 23510
(757) 628-5500
fvia@wilsav.com
dbowen@wilsav.com

*/s/ Joseph C. Devine*
Joseph C. Devine (admitted *pro hac vice*)
BAKER & HOSTETLER LLP
200 Civic Center Drive, Suite 1200
Columbus, Ohio 43215
(614) 228-1541
jdevine@bakerlaw.com

*Counsel for Defendant Norfolk Southern Railway Co.*

*/s/ James L. Chapman*
James L. Chapman, IV (VSB No. 21983)
W. Ryan Snow (VSB No. 47423)
Andrea’ N. Dunlap (VSB No. 98030)
CRENSHAW, WARE & MARTIN, P.L.C.
150 W. Main Street, Suite 1923
Norfolk, Virginia 23510
Telephone: (757) 623-3000
Facsimile: (757) 623-5735
jchapman@cwm-law.com
wrsnow@cwm-law.com
adunlap@cwm-law.com

*Counsel for Defendant Norfolk and Portsmouth Belt Line Railroad Co.*

**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
***Norfolk Division***

| | |
|---|---|
| **ELEXANDER ADKINSON,**<br><br>*Plaintiff,*<br><br>v.<br><br>**CSX TRANSPORTATION, INC., NORFOLK & PORTSMOUTH BELT LINE RAILROAD CO., AND NORFOLK SOUTHERN RAILWAY CO.,**<br><br>*Defendants*. | Case No.: 2:26-cv-00071-RBS-LRL |

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, ____________________________________, being duly sworn, state that:

1. My address is _____________________________.

2. My present employer is ____________________ and the address of my present employment is _________________________________________.

3. My present occupation or job description is _____________________________.

4. I have carefully read and understood the provisions of the Protective Order in this case signed by the Court, and agree to be bound by its terms.

5. I further agree that I shall not disclose to others, except in accord with the Protective Order, any Confidential material, in any form whatsoever, and that such material and the information contained therein may be used only for the purposes authorized by the Protective Order.

6. I further agree and attest to my understanding that my obligations with respect to Confidential material, as set forth in the Protective Order, will continue even after this Action concludes.

7. I further agree and attest to my understanding that, if I fail to abide by the terms of the Protective Order, I may be subject to sanctions, including contempt of court, for such failure. I agree to be subject to the jurisdiction of the Court in which this Action is pending on the effective date of this Agreement and any other court to which

jurisdiction may be transferred for the purposes of any proceedings relating to enforcement of the Protective Order.

8. I further agree to be bound by and to comply with the terms of the Protective Order as soon as I sign this Agreement.

9. I declare under penalty of perjury that the foregoing is true and correct.

Dated: ____________________ ________________________________________
Signature

________________________________________
Print Name